UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH ANNE MAHONEY, and<br>ALICIA BENTING, and RICHARD BENTING,<br><br>               Plaintiffs,<br><br>     v.<br><br>ELI LILLY AND COMPANY,<br>Lilly Corporate Center, Indianapolis, IN 46285,<br><br>and<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>P.O. Box 4500, Princeton, NJ 08543,<br><br>and<br><br>PHARMACIA AND UPJOHN COMPANY,<br>100 Route 206 North, Pcapack, NJ 07977,<br><br>and<br><br>DART INDUSTRIES, INC.,<br>14901 South Orange Blossom Trail<br>Orlando, FL 32837,<br><br>and<br><br>PREMO PHARMACEUTICAL<br>LABORATORIES, INC.,<br>820 Bear Tavern Road, West Trenton, NJ 08628,<br><br>and<br><br>LANNETT COMPANY, INC.,<br>9000 State Road, Philadelphia, PA 19136,<br><br>and<br><br>WYETH PHARMACEUTICAL, INC.,<br>5 Giraldi Farms, Madison, NJ 07940,<br><br>               Defendants. | CIVIL ACTION No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1446, defendant Eli Lilly and Company ("Lilly") files this Notice of Removal and states:

1.    On October 27, 2006, Plaintiffs commenced an action against Lilly, Bristol-Myers Squibb, Pharmacia and Upjohn, Dart Industries, Premo Pharmaceutical Laboratories, Lannett Company, Inc., and Wyeth Pharmaceutical in the Superior Court for the District of Columbia, Civil Division, as Civil Action No. 06-0007935 (the "Superior Court action"), by filing a Complaint for Damages.  The United States District Court for the District of Columbia is the district embracing the place where this action is pending.  True copies of all process, pleadings, and orders served on Lilly as of the morning of November 29, 2006, as well as Lilly's Answer in Superior Court, are attached hereto as Exhibit A and specifically incorporated herein.

2.    Lilly received service of process on October 31, 2006.  Upon information and belief, Defendant Bristol-Myers Squibb received service of process on November 2, 2006.  Upon information and belief, Defendant Pharmacia and Upjohn received service of process on November 1, 2006.  Upon information and belief, Defendant Dart received service of process on November 1, 2006.  Upon information and belief, Defendant Premo received service of process on November 1, 2006.  Upon information and belief, Defendant Lannett received service of process on November 1, 2006.  Upon information and belief, Defendant Wyeth received service of process on November 1, 2006.

3.    This Notice of Removal is filed within thirty (30) days of the first date in which any defendant was served with a summons and copy of the Complaint.  Consequently, this notice is timely under 28 U.S.C. §1446(b).

4.    Based on the information contained in the Complaint, Plaintiffs were at the time of the commencement of this action, and are at the time of filing this Notice of Removal, residents of the state of Massachusetts.

5.    Lilly was at the time of the commencement of this action and is now at the time of filing this Notice of Removal an Indiana corporation with its principal place of business in the State of Indiana.

6.    Upon information and belief, Defendant Bristol-Myers Squibb was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in the State of New York.

7.    Upon information and belief, Defendant Pharmacia and Upjohn was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in the State of Michigan.

8.    Upon information and belief, Defendant Dart was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in the State of Florida.

9.    Upon information and belief, Defendant Premo was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a New Jersey corporation with its principal place of business in the State of Connecticut.

10.    Upon information and belief, Defendant Lannett was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Pennsylvania corporation with its principal place of business in the State of Pennsylvania.

11.    Upon information and belief, Defendant Wyeth was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in New Jersey.

12.    Each Plaintiff claims damages in excess of $75,000.  Accordingly, the amount in controversy in the state action exceeds the sum or value of $75,000, exclusive of interest and costs.

13.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14.    Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. § 1441(b) because no Defendant is a citizen of the District of Columbia.

15.    All defendants consent to the removal of this action.  Copies of removal consent forms for defendants Bristol-Myers Squibb, Pharmacia and Upjohn, Dart, Premo, Lannett, and Wyeth are attached as Exhibit B.

Respectfully submitted,

ELI LILLY AND COMPANY

_____
Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon, D.C. Bar # 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: November 30, 2006

## CERTIFICATE OF SERVICE

I certify that on November 30, 2006, a true copy of the foregoing Notice of Removal was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiffs**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb Company**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Elizabeth Ewert, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia and Upjohn Company**

Christopher J. Garvey, Esq.
Diana M. Scharf, Esq.
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
**Attorneys for Premo Pharmaceutical Laboratories Inc.**

Kathleen Bustraan, Esq.
Lord & Whip
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201
**Attorneys for Lannett Company, Inc.**

Ashley W. Hardin, Esq.
Williams & Connolly
725 Twelfth Street, NW
Washington, DC 20005
**Attorneys for Wyeth, Inc.**

_____
Betty Marroquin

Case 1:06-cv-02043-RMU   Document 1-2   Filed 11/30/2006   Page 1 of ...

B
06-2043
RMU

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

## I (a) PLAINTIFFS

Elizabeth Anne Mahoney,
43 Tremont Street, Carver, MA 02330
and Alicia Benting and Richard Benting
183 Oak Street, Pembroke, MA 02359

88888

## DEFENDANTS

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285

11001

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

JURY ACTION

CASE NUMBER   1:06CV02043

JUDGE: Ricardo M. Urbina

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 11/30/2006

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

○ 1 U.S. Government
      Plaintiff

○ 2 U.S. Government
      Defendant

○ 3 Federal Question
      (U.S. Government Not a Party)

◉ Diversity
      (Indicate Citizenship of
      Parties in item III)

## III CITIZENSHIP
( FOR DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

◉ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding ⦿ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC Section 1332 Plaintiff purportedly alleges personal injuries arising out of defendants' pharmaceutical product.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 2,000,000.00   Select YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES ☐ NO   If yes, please complete related case form.

DATE   November 30, 2006   SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ELIZABETH ANNE MAHONEY, and
ALICIA BENTING, and
RICHARD BENTING,

Plaintiffs,

v.

ELI LILLY AND COMPANY, *et al.*,
Lilly Corporate Center,
Indianapolis, IN 46285,

Defendants.

CIVIL ACTION No.

## NOTICE OF FILING COPIES OF STATE COURT PAPERS SERVED ON DEFENDANT ELI LILLY AND COMPANY

Pursuant to 28 U.S.C. § 1446, defendant Eli Lilly and Company hereby files copies of all

process, pleadings, and orders in Superior Court for the District of Columbia Civil Action No.

0007935-06 with which it was served as of the morning of November 29, 2006.

Respectfully submitted,
ELI LILLY AND COMPANY

Lawrence H. Martin, D.C. Bar No. 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon, D.C. Bar No. 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: November 30, 2006

## CERTIFICATE OF SERVICE

I certify that on November 30, 2006 a true copy of the foregoing Notice of Filing Superior Court Papers was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiffs**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb Company**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Elizabeth Ewert, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia and Upjohn Company**

Christopher J. Garvey, Esq.
Diana M. Scharf, Esq.
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
**Attorneys for Premo Pharmaceutical Laboratories Inc.**

Kathleen Bustraan, Esq.
Lord & Whip
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201
**Attorneys for Lannett Company, Inc.**

Ashley W. Hardin, Esq.
Williams & Connolly
725 Twelfth Street, NW
Washington, DC 20005
**Attorneys for Wyeth, Inc.**

_____
Betty Marroquin

KC

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

ELIZABETH ANNE MAHONEY
43 Tremont Street
Carver, MA 02330

    and

ALICIA BENTING and
RICHARD BENTING
183 Oak Street
Pembroke, MA 02359

                  Plaintiffs,

    v.

ELI LILLY AND COMPANY
Lilly Corporate Center, Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

    and

BRISTOL-MYERS SQUIBB COMPANY
a successor of E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
       w/s/o CT CORPORATION
       1025 Vermont Avenue, N.W.
       Washington, DC 20005

    and

PHARMACIA and UPJOHN COMPANY
(aka THE UPJOHN COMPANY)
100 Route 206 North
Peapack, NJ 07977
       w/s/o CT CORPORATION
       1025 Vermont Avenue, N.W.
       Washington, DC 20005

    and



**FILED**
CIVIL ACTION
OCT 2 7 2006
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

0007935-06

CIVIL ACTION NO. 30-9982099



Case: 2006 CA 007935 B

DART INDUSTRIES, INC.                          ]
a successor to                                 ]
REXALL DRUG COMPANY, INC.                       ]
14901 South Orange Blossom Trail               ]
Orlando, FL  32837                             ]
w/s/oSheila Ann Marie Moeller, Esq.            ]
Gilbride, Tusa, Last & Spellane, LLC           ]
31 Brookside Drive                             ]
Greenwich, CT 06836                            ]
                                               ]
       and                                     ]
                                               ]
PREMO PHARMACEUTICAL                            ]
    LABORATORIES, INC.                          ]
w/s/o/ Corporation Trust Co.                   ]
820 Bear Tavern Road                           ]
West Trenton, NJ 08628                         ]
                                               ]
       and                                     ]
                                               ]
LANNETT COMPANY, INC.                           ]
c/o Samuel Gratz, CEO                          ]
9000 State Road                                ]
Philadelphia, PA 19136                         ]
                                               ]
       and                                     ]
                                               ]
WYETH, INC.                                     ]
5 Giraldi Farms                                ]
Madison, NJ 07940                              ]
                                               ]
                                               ]
                   Defendants.                 ]

## COMPLAINT
### (DES Litigation – Products Liability, Market Share Liability)

1.   Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.   Defendants and their predecessors are engaged, or have been engaged, in the

manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the

United States, and are doing business in the District of Columbia, and sought and obtained

industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

3.    Plaintiffs Elizabeth Anne Mahoney and Alicia Benting are sisters who were exposed in utero to DES manufactured by the Defendants, which was prescribed by the same physician. Both Plaintiffs suffer from reproductive tract analonies as a result of DES exposure in utero.

## COUNT I
### (Negligence – Elizabeth Anne Mahoney v. Eli Lilly, et.al.)

4.    In 1967 and 1968, during her pregnancy with Elizabeth Anne Mahoney, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in Massachusetts.  Her physician prescribed said drug during the pregnancy.  Defendants, acting in concert manufactured, compounded, packaged labeled, supplied, sold, and advertised DES throughout the United States and the State of Massachusetts.

5.    As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resultant infertility, ectopic pregnancy, incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

6.    Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability – Elizabeth Anne Mahoney v. Eli Lilly et.al.)

7.    All of the allegations contained in Count I are realleged and incorporated herein by reference.

8. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

9. Defendants are engaged, or have been engaged, in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

10. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

11. Said product was defective when placed on the market by Defendants. DES was sold by Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

12. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

13. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

14. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

4

## COUNT III
**(Breach of Warranty – Elizabeth Anne Mahoney v. Eli Lilly et.al.)**

15.  All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

16.  At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

17.  Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

18.  At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

19.  As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

## COUNT IV
**(Misrepresentation – Elizabeth Anne Mahoney v. Eli Lilly et.al.)**

20.  All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

21.  Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

22.  The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

23.  At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

24.  As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages – Elizabeth Anne Mahoney v Eli Lilly et.al.)

25.    The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus.  Additionally, the Defendants knew or should have known the DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy.  The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared.  Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports,

6

which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VI
### (Negligence – Alicia Benting v. Eli Lilly, et.al.)

26.    All of the foregoing allegations are realleged and incorporated herein by reference.

27.    In 1969, during her pregnancy with Alicia Benting, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in Massachusetts. Her physician prescribed said drug during the pregnancy. Defendants, acting in concert manufactured, compounded, packaged labeled, supplied, sold, and advertised DES throughout the United States and the State of Massachusetts.

28.    As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, primary infertility, and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

29.    Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT VII
### (Strict Liability – Alicia Benting v. Eli Lilly et.al.)

30.    All of the allegations contained in Count VI are realleged and incorporated herein by reference.

31.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

32.    Defendants are engaged, or have been engaged, in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

33.    Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

34.    Said product was defective when placed on the market by Defendants.  DES was sold by Defendants without sufficient warning or instructions.  A reasonable seller would not have sold the product had he/she known of the risks involved.  The risks were greater than a reasonable buyer would expect.

35.    Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES.  Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

36.    As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

37.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

8

## COUNT VIII
### (Breach of Warranty – Alicia Benting v. Eli Lilly et.al.)

38.    All of the allegations contained in Counts VI and VII are realleged and incorporated herein by reference.

39.    At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

40.    Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

41.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

42.    As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

## COUNT IX
### (Misrepresentation – Alicia Benting v. Eli Lilly et.al.)

43.    All of the allegations contained in Counts VI, VII and VIII are realleged and incorporated herein by reference.

44.    Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

9

45.     The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

46.     At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

47.     As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT X
### (Punitive Damages – Alicia Benting v Eli Lilly et.al.)

48.     The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known the DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports,

10

which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT XI
### (Loss of Consortium – Richard Benting)

49.    All of the allegations contained in Counts I, II, III, IV, V, VI, VII, VIII and IX are realleged and incorporated herein by reference.

50. Plaintiff, Richard Benting is the husband of Alicia Benting.  As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Richard Benting has been deprived of the love, services and affection of his wife, Alicia Benting.

**WHEREFORE,** Plaintiff Elizabeth Anne Mahoney demands judgment against Defendants Eli Lilly and Company, Lannett Company, Inc.,  Premo Pharmaceutical Laboratories, Inc., Dart Industries, Inc., Bristol-Myers Squibb Company, Pharmacia and Upjohn Company and Wyeth, Inc. in the sum of One Million Dollars ($1,000,000.00), jointly and severally, plus costs in compensatory damages and One Million ($1,000,000.00), in punitive damages.

**WHEREFORE,** Plaintiffs Alicia Benting demands judgment against Defendants Eli Lilly and Company, Premo Pharmaceutical Laboratories, Inc., Dart Industries, Inc., Bristol-Myers Squibb Company, Pharmacia and Upjohn Company, and Wyeth, Inc. in the sum of One Million Dollars ($1,000,000.00), jointly and severally, plus costs in compensatory damages and One Million ($1,000,000.00), in punitive damages.

11

**WHEREFORE**, Plaintiffs Richard Benting demands judgment against Defendants Eli Lilly and Company, Premo Pharmaceutical Laboratories, Inc., Dart Industries, Inc., Bristol-Myers Squibb Company, Pharmacia and Upjohn Company, and Wyeth, Inc. in the sum of One Million Dollars ($500,000.00), jointly and severally, plus costs in compensatory damages and One Million ($500,000.00), in punitive damages.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

A TRUE COPY
TEST: NOV 2 0 2006
Clerk, Superior Court of
the District of Columbia
By
Deputy Clerk

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial by jury as to all issues of material facts.

Aaron M. Levine

12

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
NOV 0 9 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

ELIZABETH ANNE MAHONEY, and
ALICIA BENTING, and
RICHARD BENTING,

              Plaintiffs,

      v.

ELI LILLY AND COMPANY, *et al.*,

              Defendants.

CIVIL ACTION No. 0007935-06

Calendar #

Judge Geoffrey Alprin

## RULE 7.1 DISCLOSURE STATEMENT

    I, the undersigned, counsel of record for Defendant Eli Lilly and Company, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries, or affiliates of Eli Lilly and Company which have any outstanding securities in the hands of the public: **Lilly Del Mar, Inc., a British Virgin Islands Corporation**

              Respectfully submitted,
              ELI LILLY AND COMPANY

              Lawrence H. Martin, D.C. Bar # 476639
              Foley Hoag LLP
              1875 K Street, NW, Suite 800
              Washington, D.C. 20006-1238
              (202) 223-1200

              and

              James J. Dillon, D.C. Bar # 485593
              Foley Hoag LLP
               155 Seaport Boulevard
              World Trade Center West
              Boston, MA 02210-2600
              (617) 832-1000

Dated: November 9, 2006



## CERTIFICATE OF SERVICE

I certify that on November 9, 2006 a true copy of Defendant Eli Lilly's Rule 7.1 Disclosure Statement was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiffs**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb Company**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Elizabeth Ewert, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia and Upjohn Company**

Christopher J. Garvey, Esq.
Diana M. Scharf, Esq.
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
**Attorneys for Premo Pharmaceutical Laboratories Inc.**

Kathleen Bustraan, Esq.
Lord & Whip
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201
**Attorneys for Lannett Company, Inc.**

Ashley W. Hardin, Esq.
Williams & Connolly
725 Twelfth Street, NW
Washington, DC 20005
**Attorneys for Wyeth, Inc.**

Betty Marroquin

A TRUE COPY
TEST: NOV 2 0 2006

Clerk, Superior Court of
the District of Columbia

BY
Deputy Clerk



SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ELIZABETH ANNE MAHONEY, and
ALICIA BENTING, and
RICHARD BENTING,

          Plaintiffs,

    v.

ELI LILLY AND COMPANY, et al.
Lilly Corporate Center,
Indianapolis, IN 46285,

          Defendants.

CIVIL ACTION No. 0007935-06

Calendar #

Judge Geoffrey Alprin

**FILED**
CIVIL ACTIONS BRANCH

NOV. 0 9 2006

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO THE COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the

Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but

expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed

to the allegations of the Complaint.

    1.  Whether jurisdiction exists in this court pursuant to 11 D.C. Code § 921 is a legal

question to which no response is required.  To the extent a response is required, however, Lilly

denies the allegations contained in Paragraph 1 of the Complaint.

    2.  Lilly states that it did sell and distribute diethylstilbestrol in the District of Columbia.

Lilly responds that the term "DES" includes many drug products including but not limited to

diethylstilbestrol, and any admissions in this Answer are intended to refer only to

diethylstilbestrol as it relates to Lilly.  Lilly also states that it is doing business in the District of



Columbia, that the U.S. Food and Drug Administration ("FDA") is headquartered in the District of Columbia, and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 3. To the extent a response is required, however, Lilly denies the allegations contained in the first sentence of Paragraph 3 of the Complaint. Lilly denies the allegations contained in the second sentence of Paragraph 3 of the Complaint.

## COUNT I
### (Negligence - Elizabeth Anne Mahoney)

4. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 4. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 4 of the Complaint.

5. Lilly denies the allegations contained in Paragraph 5 of the Complaint.

6. Lilly denies the allegations contained in Paragraph 6 of the Complaint.

## COUNT II
### (Strict Liability - Elizabeth Anne Mahoney)

7. Lilly repeats and realleges its answers contained in Paragraphs 1 through 6 above.

8. Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9. In response to the allegations contained in Paragraph 9, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold

certain dosages of diethylstilbestrol.  Except as already stated, Lilly denies the allegations of Paragraph 9 of the Complaint.

10. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.  To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

### COUNT III
**(Breach of Warranty - Elizabeth Anne Mahoney)**

15. Lilly repeats and realleges its answers contained in Paragraphs 1 through 14 above.

16. Lilly denies the allegations contained in Paragraph 16 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint.

### COUNT IV
**(Misrepresentation - Elizabeth Anne Mahoney)**

20. Lilly repeats and realleges its answers contained in Paragraphs 1 through 19 above.

21. Lilly denies the allegations contained in Paragraph 21 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured

and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT V
### (Punitive Damages - Elizabeth Anne Mahoney)

25. Lilly denies the allegations contained in Paragraph 25 of the Complaint.

## COUNT VI
### (Negligence - Alicia Benting)

26. Lilly repeats and realleges its answers contained in Paragraphs 1 through 25 above.

27. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 27. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 27 of the Complaint.

28. Lilly denies the allegations contained in Paragraph 28 of the Complaint.

29. Lilly denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT VII
### (Strict Liability - Alicia Benting)

30. Lilly repeats and realleges its answers contained in Paragraphs 1 through 29 above.

31. Lilly denies the allegations contained in Paragraph 31 of the Complaint.

32. In response to the allegations contained in Paragraph 32, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold

certain dosages of diethylstilbestrol.  Except as already stated, Lilly denies the allegations of Paragraph 32 of the Complaint.

33. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.  To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 33 of the Complaint.

34. Lilly denies the allegations contained in Paragraph 34 of the Complaint.

35. Lilly denies the allegations contained in Paragraph 35 of the Complaint.

36. Lilly denies the allegations contained in Paragraph 36 of the Complaint.

37. Lilly denies the allegations contained in Paragraph 37 of the Complaint.

### COUNT VIII
### (Breach of Warranty - Alicia Benting)

38. Lilly repeats and realleges its answers contained in Paragraphs 1 through 37 above.

39. Lilly denies the allegations contained in Paragraph 39 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

40. Lilly denies the allegations contained in Paragraph 40 of the Complaint.

41. Lilly denies the allegations contained in Paragraph 41 of the Complaint.

42. Lilly denies the allegations contained in Paragraph 42 of the Complaint.

### COUNT IX
### (Misrepresentation - Alicia Benting)

43. Lilly repeats and realleges its answers contained in Paragraphs 1 through 42 above.

44. Lilly denies the allegations contained in Paragraph 44 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured

- 5 -

and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

45. Lilly denies the allegations contained in Paragraph 45 of the Complaint.

46. Lilly denies the allegations contained in Paragraph 46 of the Complaint.

47. Lilly denies the allegations contained in Paragraph 47 of the Complaint.

## COUNT X
### (Punitive Damages - Alicia Benting)

48. Lilly denies the allegations contained in Paragraph 48 of the Complaint.

## COUNT XI
### (Loss of Consortium - Richard Benting)

49. Lilly repeats and realleges its answers contained in Paragraphs 1 through 48 above.

50. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 50.  To the extent a response is required, however, Lilly denies the allegations contained in the first sentence of Paragraph 50 of the Complaint.  Lilly denies the allegations contained in the second sentence of Paragraph 50 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## THIRD DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and

- 6 -

state regulatory authorities charged with supervision or licensing of the product as of the time

Lilly sold or otherwise parted with possession and control of the product in question.

## FIFTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, Plaintiffs' claims may be

barred by virtue of the intervention of a learned intermediary or intermediaries to whom

defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over Lilly.

## SEVENTH DEFENSE

Venue is improper in this judicial district.

## EIGHTH DEFENSE

Plaintiffs' claims are barred and preempted by Lilly's compliance with the Federal Food,

Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to

that Act.

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may

become available or apparent during discovery proceedings in this case, and hereby reserves the

right to amend its Answer to assert any such defense.

## DEMAND FOR JURY TRIAL

The answering defendant requests a trial by jury.

Respectfully submitted,

ELI LILLY AND COMPANY

Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon, D.C. Bar # 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: November 9, 2006

A TRUE COPY
TEST: NOV 2 0 2006
Clerk, Superior Court of
the District of Columbia
By
Deputy Clerk

- 8 -

## CERTIFICATE OF SERVICE

I certify that on November 9, 2006 a true copy of Defendant Eli Lilly's Answer To The Complaint was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiffs**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb Company**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Elizabeth Ewert, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia and Upjohn Company**

Christopher J. Garvey, Esq.
Diana M. Scharf, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
**Attorneys for Premo Pharmaceutical Laboratories Inc.**

Kathleen Bustraan, Esq.
Lord & Whip
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201
**Attorneys for Lannett Company, Inc.**

Ashley W. Hardin, Esq.
Williams & Connolly
725 Twelfth Street, NW
Washington, DC 20005
**Attorneys for Wyeth, Inc.**

_____
Betty Marroquin

KC

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| ELIZABETH ANNE MAHONEY, et al., Plaintiffs, | ) | Civil Action No. 2006ca007935 B |
| v. | ) | Judge Geoffrey M. Alprin |
| ELI LILLY AND COMPANY, et al., Defendants. | ) | |

LED
BY MAIL
'06
mbia

**ANSWER OF DEFENDANT DART INDUSTRIES, INC.**

Defendant Dart Industries, Inc., (formerly known as Rexall Drug Company, hereinafter referred to as "Dart"), by counsel, for itself alone and denying knowledge or information sufficient to form a belief with respect to allegations concerning any other defendant in this action, answers the Complaint herein as follows.

1. Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint and therefore Dart denies those averments.

2. In response to the averments contained in paragraph 2 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others and that in the past Dart has done business in the District of Columbia. Except as specifically admitted, Dart denies the allegations contained in paragraph 2 of the Complaint.

Case: 2006 CA 007935 B
00026644479
DKT: CIVANS

3.      In response to the averments contained in paragraph 3 of the Complaint, Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 3 of the Complaint and therefore Dart denies those averments.  Dart denies the remaining averments contained in paragraph 3 of the Complaint.

4.      In response to the averments contained in paragraph 4 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others.  Dart denies that it advertised DES and Dart denies the remaining averments contained in the third sentence of paragraph 4 of the Complaint.  Dart is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 4 of the Complaint and therefore Dart denies those averments.

5.      Dart denies the averments contained in paragraphs 5 and 6 of the Complaint.

6.      In response to the averments contained in paragraph 7 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 6.

7.      Dart denies the averments contained in paragraph 8 of the Complaint.

1842904 VANCES 11/14/2006 10:31:39 AM

8.      In response to the averments contained in paragraph 9 of the Complaint, Dart admits that Rexall Drug Company manufactured and produced certain DES products between 1949 and 1967, if the terms "manufacture" and "produce" are defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others.  Except as specifically admitted, Dart denies the averments contained in paragraph 9 of the Complaint.

9.      Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the Complaint and therefore Dart denies those averments.

10.     Dart denies the averments contained in paragraphs 11 through 14 of the Complaint.

11.     In response to the averments contained in paragraph 15 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 14.

12.     Dart denies the averments contained in paragraphs 16 through 19 of the Complaint.

13.     In response to the averments contained in paragraph 20 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 19.

14.     Dart denies the averments contained in paragraphs 21 through 25 of the Complaint.

3

15.    In response to the averments contained in paragraph 26 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 25.

16.    In response to the averments contained in paragraph 27 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others. Dart denies that it advertised DES and Dart denies the remaining averments contained in the third sentence of paragraph 27 of the Complaint. Dart is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 27 of the Complaint and therefore Dart denies those averments.

17.    Dart denies the averments contained in paragraphs 28 and 29 of the Complaint.

18.    In response to the averments contained in paragraph 30 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 29.

19.    Dart denies the averments contained in paragraph 31 of the Complaint.

20.    In response to the averments contained in paragraph 32 of the Complaint, Dart admits that Rexall Drug Company manufactured and produced certain DES products between 1949 and 1967, if the terms "manufacture" and

4

"produce" are defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others.  Except as specifically admitted, Dart denies the averments contained in paragraph 32 of the Complaint.

21.    Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33 of the Complaint and therefore Dart denies those averments.

22.    Dart denies the averments contained in paragraphs 34 through 37 of the Complaint.

23.    In response to the averments contained in paragraph 38 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 37.

24.    Dart denies the averments contained in paragraphs 39 through 42 of the Complaint.

25.    In response to the averments contained in paragraph 43 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 42.

26.    Dart denies the averments contained in paragraphs 44 through 48 of the Complaint.

27.    In response to the averments contained in paragraph 49 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 48.

5

28.    In response to the averments contained in paragraph 50 of the Complaint, Dart is without knowledge or information sufficient to form a belief as to the truth of the averment that Richard Benting is the husband of Alicia Benting and therefore Dart denies that averment.  Dart denies the remaining averments contained in paragraph 50 of the Complaint.

29.    All averments contained in the Complaint that are not admitted specifically above, are hereby denied.

## AS AND FOR AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

30.    Plaintiffs' alleged causes of action contained in the Complaint may be barred by applicable statutes of limitation or by the doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

31.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

32.    If the causes of action asserted in plaintiffs' Complaint state claims upon which relief can be granted, plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom in equity and in fairness this action should not proceed.

### FOURTH AFFIRMATIVE DEFENSE

33.    To the extent that plaintiffs assert claims of fraud, plaintiffs have failed to state a cause of action in that plaintiffs assert mere allegations and fail to

6

state with particularity the circumstances constituting the wrong as required by Rule 9 of the Rules of Civil Procedure for the Superior Court.

## FIFTH AFFIRMATIVE DEFENSE

34.    Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed the plaintiffs by this answering defendant at the time the mother of the plaintiffs Elizabeth Mahoney and Alicia Benting allegedly used the drug referred to in the Complaint or by the reason of the doctrine of en ventre sa mere and, therefore, plaintiffs have failed to state facts sufficient to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

35.    The plaintiffs have been unable to identify this defendant as the defendant causing the alleged injuries, and therefore have failed to state a cause of action against this defendant.

## SEVENTH AFFIRMATIVE DEFENSE

36.    Any damages, injuries or losses that may have been sustained by the plaintiffs, as alleged in the Complaint, were sustained only after the mother of the plaintiffs Elizabeth Mahoney and Alicia Benting knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the drug referred to in the Complaint, with respect to herself and her offspring.

## EIGHTH AFFIRMATIVE DEFENSE

37.    Upon information and belief, any injuries, losses or damages that the plaintiffs may have sustained were caused by the negligence of the plaintiffs.

7

## NINTH AFFIRMATIVE DEFENSE

38.    Plaintiffs are barred from asserting the claims contained in the Complaint because if the drug referred to in the Complaint was used by the mother of the plaintiffs Elizabeth Mahoney and Alicia Benting during her pregnancy with the plaintiffs Elizabeth Mahoney and Alicia Benting, the use of said drug was responsible for the birth of the plaintiffs Elizabeth Mahoney and Alicia Benting.

## TENTH AFFIRMATIVE DEFENSE

39.    If the plaintiffs sustained any injury or incurred any loss or damage as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom this defendant exercised and had no right of control, for which this defendant is not responsible, and whose conduct this defendant had no duty or reason to anticipate or control.

## ELEVENTH AFFIRMATIVE DEFENSE

40.    If in fact the mother of the plaintiffs Elizabeth Mahoney and Alicia Benting used the product referred to in the Complaint, upon information and belief, said product was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which this defendant had no control.

## TWELFTH AFFIRMATIVE DEFENSE

41.    With respect to all claims based upon alleged breach of express or implied warranties, there was no privity between the plaintiffs and this defendant.

8

## THIRTEENTH AFFIRMATIVE DEFENSE

42.    With respect to all claims based upon alleged breach of express or implied warranties, there was no timely notice of any alleged breach of warranty given to this defendant at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

43.    The causes of action asserted herein by the plaintiffs, who admittedly are unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, inter alia, plaintiffs have asserted claims for relief which, if granted, would contravene this defendant's constitutional rights to substantive and procedural due process of law under the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

44.    The causes of action asserted by the plaintiffs herein, who admittedly are unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, inter alia, plaintiffs have asserted claims for relief, which, if granted, would constitute a taking of private property for a public use, without just compensation and such a taking would contravene this defendant's constitutional rights under the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

45.    The causes of action asserted herein by the plaintiffs fail to state a claim upon which relief can be granted, in that, inter alia, plaintiffs have asserted claims for relief which, if granted, would constitute a denial by this Court of this

9

defendant's constitutional rights to equal protection of the laws under the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

46.    The causes of action asserted herein by the plaintiffs fail to state a claim upon which relief can be granted in that, inter alia, plaintiffs have asserted claims for relief, which, if granted, would impose an improper, retroactive penalty and impermissible intrusion on interstate commerce and federal laws and regulations and would, thereby, violate the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

47.    If in fact plaintiffs' Complaint is held to contain a cause of action upon which relief could be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to the plaintiffs, or their agents, or persons other than this answering defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

48.    The place of filing of this action was set without due regard to the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof and constitutes a forum non conveniens that requires that the action be tried in another jurisdiction.

## TWENTIETH AFFIRMATIVE DEFENSE

49.    Plaintiffs' demand for punitive damages is barred by the following clauses to the United States Constitution: the due process clauses of the Fourteenth Amendment; the double jeopardy clause of the Fifth Amendment; and the ex post facto clause of Article 1, section 10.

10

## TWENTY-FIRST AFFIRMATIVE DEFENSE

50.    Dart incorporates by reference and makes a part hereof all applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.

**WHEREFORE**, Defendant Dart Industries, Inc. respectfully prays that this Court dismiss the Complaint herein or otherwise deny each and every request for relief therein and that it be awarded such other and further relief to which it may be entitled and which this Court may deem just and proper, including the costs and disbursements of the defense of this action.

DART INDUSTRIES, INC.

By Counsel

Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

By:    _____
       John F. Anderson
       DC Bar No. 393764

OF COUNSEL

Sheila AnnMarie Moeller
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT 06836
(203) 622-9360

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 2ᵀᴴ day of November 2006 a copy of the

foregoing was served by first class mail on the following:

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

Michelle R. Mangrum
Shook, Hardy & Bacon LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005

John F. Kuckelman
Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108

Sidney Gordon Leech
Goodell, Devries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD 21202

Sallie F. Pullman
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001

Elizabeth Ewert
Drinker, Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 S. Charles Street
Baltimore, MD 21201

F. Lane Heard III
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, D.C.  20005

John F. Anderson

A TRUE COPY
TEST:  NOV 2 0 2006

Clerk, Superior Court of
the District of Columbia

By

Deputy Clerk

13



SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

-----------------------------------

ELIZABETH ANNE MAHONEY, ALICIA BENTING and
ROBERT BENTING,

                    Plaintiffs,

          v.

ELI LILLY AND COMPANY, et al.,

                    Defendants.

-----------------------------------

Civil Action No. 06-0007935

Judge Geoffrey Alprin

Next Event:  Initial Conference
January 26, 2007 9:00 a.m.

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT

Premo Pharmaceutical Laboratories, Inc. ("Premo"), through undersigned counsel,

responds to plaintiffs' complaint filed on October 27, 2006 (the "Complaint") as follows:

In responding to the Complaint, Premo will provide answers only for itself, and will only

respond to allegations addressed to or directed at Premo.  Premo has no knowledge or

information sufficient to form a belief as to the truth or falsity of any allegations relating to any

other defendant herein.

1.      Denies the allegations in paragraph 1 of the Complaint and refers all questions of

law to the Court, except that Premo does not contest personal jurisdiction in this matter.

2.      Denies the allegations in paragraph 2 of the Complaint, except admits that at certain

times in the past Premo manufactured and sold DES in dosage form.

3.      Denies the allegations set forth in paragraph 3 of the Complaint, except denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

concerning the relationship of the plaintiffs or the prescribing physician.



## RESPONDING TO COUNT I

4.    Denies the allegations set forth in paragraph 4 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiffs' mother's actions and the actions of plaintiffs' mother's physician.  Further, admits that at certain times in the past, Premo manufactured and sold DES in dosage form.

5.    Denies allegations set forth in paragraph 5 of the Complaint.

6.    Denies the allegations set forth in paragraph 6 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

## RESPONDING TO COUNT II

7.    Responding to the allegations in paragraph 7 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 through 6 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

8.    Denies the allegations set forth in paragraph 8 of the Complaint.

9.    Denies the allegations set forth in paragraph 9 of the Complaints, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

10.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint.

11.    Denies the allegations set forth in paragraph 11 of the Complaint.

12.    Denies the allegations set forth in paragraph 12 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

13.    Denies the allegations set forth in paragraph 13 of the Complaint.

LIBNY/4374205.1

1874389 KENNERI 11/22/2006 11:09:15 AM

14.     Denies the allegations set forth in paragraph 14 of the Complaint, and respectfully refers all questions of law to the Court.

## RESPONDING TO COUNT III

15.     Responding to the allegations in paragraph 15 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 through 14 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

16.     Denies the allegations set forth in paragraph 16 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

17.     Denies the allegations set forth in paragraph 17 of the Complaint, and respectfully refers all conclusions of law to the Court.

18.     Denies the allegations set forth in paragraph 18 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

19.     Denies the allegations set forth in paragraph 19 of the Complaint and respectfully refers all conclusions of law to the Court.

## RESPONDING TO COUNT IV

20.     Responding to the allegations in paragraph 20 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-19 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

21.     Denies the allegations set forth in paragraph 21 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

-3-

1874389 KENNERI 11/22/2006 11:09:15 AM

22.     Denies the allegations set forth in paragraph 22 of the Complaint.

23.     Denies the allegations set forth in paragraph 23 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

24.     Denies the allegations set forth in paragraph 24 of the Complaint.

## RESPONDING TO COUNT V

25.     Denies the allegations set forth in paragraph 25 of the Complaint and respectfully refers all questions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

## RESPONDING TO COUNT VI

26.     Responding to the allegations in paragraph 26 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-25 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

27.     Denies the allegations set forth in paragraph 27 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiffs' mother's actions and the actions of plaintiffs' mother's physician.  Further, admits that at certain times in the past, Premo manufactured and sold DES in dosage form.

28.     Denies the allegations set forth in paragraph 28 of the Complaint.

29.     Denies the allegations set forth in paragraph 29 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

## RESPONDING TO COUNT VII

30.     Responding to the allegations in paragraph 30 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-29 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

31.     Denies the allegations set forth in paragraph 31 of the Complaint.

32.     Denies the allegations set forth in paragraph 32 of the Complaint, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

33.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the Complaint.

34.     Denies the allegations set forth in paragraph 34 of the Complaint.

35.     Denies the allegations set forth in paragraph 12 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

36.     Denies the allegations set forth in paragraph 36 of the Complaint.

37.     Denies the allegations set forth in paragraph 37 of the Complaint, and respectfully refers all questions of law to the Court.

## RESPONDING TO COUNT VIII

38.     Responding to the allegations in paragraph 38 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-37 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

39.     Denies the allegations set forth in paragraph 39 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

LIBNY/4374205.1

40.      Denies the allegations set forth in paragraph 40 of the Complaint, and respectfully refers all conclusions of law to the Court.

41.      Denies the allegations set forth in paragraph 41 of the Complaint and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

42.      Denies the allegations set forth in paragraph 42 of the Complaint.

## RESPONDING TO COUNT IX

43.      Responding to the allegations in paragraph 43 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-42 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

44.      Denies the allegations set forth in paragraph 44 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

45.      Denies the allegations set forth in paragraph 45 of the Complaint.

46.      Denies the allegations set forth in paragraph 46 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

47.      Denies the allegations set forth in paragraph 47 of Complaint.

## RESPONDING TO COUNT X

48.      Denies the allegations set forth in paragraph 48 of the Complaint and respectfully refers all questions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

LIBNY/4374205.1

1874389 KENNERI 11/22/2006 11:09:15 AM

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

### THIRD AFFIRMATIVE DEFENSE

The claims for relief alleged in the Complaint are barred by applicable statutes of limitations and by the applicable statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiffs by Premo at the time such plaintiffs' mother allegedly used the DES referred to in the Complaint or by reason of the doctrine *en ventre sa mere*, and therefore, plaintiffs have failed to allege facts sufficient to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have been unable to identify Premo as the person causing the alleged injuries, and therefore have failed to state a claim against Premo upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiffs as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiffs' mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

LIBNY/4374205.1

1874389 KENNERI 11/22/2006 11:09:15 AM

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages that plaintiffs may have sustained were caused by the allegedly DES-exposed plaintiffs' own negligence or that of such plaintiffs' mother and, therefore, barred by the doctrine of contributory negligence.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting the claims for relief contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiffs' mother during pregnancy with such plaintiffs, the use of said drug was responsible for the birth of such plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

### TENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiffs' mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiffs or by such plaintiffs' mother.

## TWELFTH AFFIRMATIVE DEFENSE

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiffs and Premo.

## THIRTEENTH AFFIRMATIVE DEFENSE

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a claim for relief upon which



SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELIZABETH ANNE MAHONEY, ALICIA BENTING and
ROBERT BENTING,

Plaintiffs,

v.

ELI LILLY AND COMPANY, et al.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil Action No. 06-0007935

Judge Geoffrey Alprin

Next Event:  Initial Conference
January 26, 2007 9:00 a.m.

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT

Premo Pharmaceutical Laboratories, Inc. ("Premo"), through undersigned counsel,
responds to plaintiffs' complaint filed on October 27, 2006 (the "Complaint") as follows:

In responding to the Complaint, Premo will provide answers only for itself, and will only
respond to allegations addressed to or directed at Premo.  Premo has no knowledge or
information sufficient to form a belief as to the truth or falsity of any allegations relating to any
other defendant herein.

1.      Denies the allegations in paragraph 1 of the Complaint and refers all questions of
law to the Court, except that Premo does not contest personal jurisdiction in this matter.

2.      Denies the allegations in paragraph 2 of the Complaint, except admits that at certain
times in the past Premo manufactured and sold DES in dosage form.

3.      Denies the allegations set forth in paragraph 3 of the Complaint, except denies
knowledge or information sufficient to form a belief as to the truth or falsity of the allegations
concerning the relationship of the plaintiffs or the prescribing physician.



1874389 KENNERI 11/22/2006 11:09:15 AM

## RESPONDING TO COUNT I

4.      Denies the allegations set forth in paragraph 4 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiffs' mother's actions and the actions of plaintiffs' mother's physician.  Further, admits that at certain times in the past, Premo manufactured and sold DES in dosage form.

5.      Denies allegations set forth in paragraph 5 of the Complaint.

6.      Denies the allegations set forth in paragraph 6 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

## RESPONDING TO COUNT II

7.      Responding to the allegations in paragraph 7 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 through 6 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

8.      Denies the allegations set forth in paragraph 8 of the Complaint.

9.      Denies the allegations set forth in paragraph 9 of the Complaints, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

10.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint.

11.      Denies the allegations set forth in paragraph 11 of the Complaint.

12.      Denies the allegations set forth in paragraph 12 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

13.      Denies the allegations set forth in paragraph 13 of the Complaint.

LIBNY/4374205.1

1874389 KENNERI 11/22/2006 11:09:15 AM

14.     Denies the allegations set forth in paragraph 14 of the Complaint, and respectfully refers all questions of law to the Court.

## RESPONDING TO COUNT III

15.     Responding to the allegations in paragraph 15 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 through 14 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

16.     Denies the allegations set forth in paragraph 16 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

17.     Denies the allegations set forth in paragraph 17 of the Complaint, and respectfully refers all conclusions of law to the Court.

18.     Denies the allegations set forth in paragraph 18 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

19.     Denies the allegations set forth in paragraph 19 of the Complaint and respectfully refers all conclusions of law to the Court.

## RESPONDING TO COUNT IV

20.     Responding to the allegations in paragraph 20 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-19 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

21.     Denies the allegations set forth in paragraph 21 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

-3-

1874389 KENNERI 11/22/2006 11:09:15 AM

22.    Denies the allegations set forth in paragraph 22 of the Complaint.

23.    Denies the allegations set forth in paragraph 23 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

24.    Denies the allegations set forth in paragraph 24 of the Complaint.

## RESPONDING TO COUNT V

25.    Denies the allegations set forth in paragraph 25 of the Complaint and respectfully refers all questions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

## RESPONDING TO COUNT VI

26.    Responding to the allegations in paragraph 26 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-25 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

27.    Denies the allegations set forth in paragraph 27 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiffs' mother's actions and the actions of plaintiffs' mother's physician.  Further, admits that at certain times in the past, Premo manufactured and sold DES in dosage form.

28.    Denies the allegations set forth in paragraph 28 of the Complaint.

29.    Denies the allegations set forth in paragraph 29 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

## RESPONDING TO COUNT VII

30.    Responding to the allegations in paragraph 30 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-29 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

31.    Denies the allegations set forth in paragraph 31 of the Complaint.

32.    Denies the allegations set forth in paragraph 32 of the Complaint, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

33.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the Complaint.

34.    Denies the allegations set forth in paragraph 34 of the Complaint.

35.    Denies the allegations set forth in paragraph 12 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

36.    Denies the allegations set forth in paragraph 36 of the Complaint.

37.    Denies the allegations set forth in paragraph 37 of the Complaint, and respectfully refers all questions of law to the Court.

## RESPONDING TO COUNT VIII

38.    Responding to the allegations in paragraph 38 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-37 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

39.    Denies the allegations set forth in paragraph 39 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

-5-

1874389 KENNERI 11/22/2006 11:09:15 AM

40.     Denies the allegations set forth in paragraph 40 of the Complaint, and respectfully refers all conclusions of law to the Court.

41.     Denies the allegations set forth in paragraph 41 of the Complaint and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

42.     Denies the allegations set forth in paragraph 42 of the Complaint.

## RESPONDING TO COUNT IX

43.     Responding to the allegations in paragraph 43 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-42 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

44.     Denies the allegations set forth in paragraph 44 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

45.     Denies the allegations set forth in paragraph 45 of the Complaint.

46.     Denies the allegations set forth in paragraph 46 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

47.     Denies the allegations set forth in paragraph 47 of Complaint.

## RESPONDING TO COUNT X

48.     Denies the allegations set forth in paragraph 48 of the Complaint and respectfully refers all questions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

-6-

1874389 KENNERI 11/22/2006 11:09:15 AM

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

## THIRD AFFIRMATIVE DEFENSE

The claims for relief alleged in the Complaint are barred by applicable statutes of limitations and by the applicable statutes of repose.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiffs by Premo at the time such plaintiffs' mother allegedly used the DES referred to in the Complaint or by reason of the doctrine *en ventre sa mere*, and therefore, plaintiffs have failed to allege facts sufficient to state a claim upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have been unable to identify Premo as the person causing the alleged injuries, and therefore have failed to state a claim against Premo upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiffs as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiffs' mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

1874389 KENNERI 11/22/2006 11:09:15 AM

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages that plaintiffs may have sustained were caused by the allegedly DES-exposed plaintiffs' own negligence or that of such plaintiffs' mother and, therefore, barred by the doctrine of contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting the claims for relief contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiffs' mother during pregnancy with such plaintiffs, the use of said drug was responsible for the birth of such plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

## TENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiffs' mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

LIBNY/4374205.1

1874389 KENNERI 11/22/2006 11:09:15 AM

## ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiffs or by such plaintiffs' mother.

## TWELFTH AFFIRMATIVE DEFENSE

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiffs and Premo.

## THIRTEENTH AFFIRMATIVE DEFENSE

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a claim for relief upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden by this court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

LIBNY/4374205.1

1874389 KENNERI 11/22/2006 11:09:15 AM

## FIFTEENTH AFFIRMATIVE DEFENSE

In view of plaintiffs' failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a claim upon which relief may be granted, in that, *inter alia*, plaintiffs have asserted claims for relief which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and New York Constitutions.

## SIXTEENTH AFFIRMATIVE DEFENSE

In view of plaintiffs' failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a claim upon which relief may be granted, in that, *inter alia*, plaintiffs have asserted claims for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under both the United States and New York Constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Premo is found liable to plaintiffs for any non-economic loss allegedly suffered by plaintiffs, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or their agents or persons other than Premo, or completely barred by the doctrine of contributory negligence.

LIBNY/4374205.1

1874389 KENNERI 11/22/2006 11:09:15 AM

## NINETEENTH AFFIRMATIVE DEFENSE

This Court is not a proper venue for this action. In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

## TWENTIETH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the learned intermediary doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiff in this case disproportionate to the actual damages incurred by plaintiff, if any, would be in violation of the constitutional safeguards

provided under the Constitution of the United States of America and all applicable state constitutions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages and plaintiff has failed to state facts sufficient to support a claim for punitive damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel and/or waiver.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses which become available during discovery or trial.

LIBNY/4374205.1

1874389 KENNERI 11/22/2006 11:09:15 AM

WHEREFORE, Premo demands judgment dismissing the Complaint in all respects, for

the costs and disbursements of this action, including reasonable attorneys' fees, and for such

other and further relief as to this Court may seem just and proper.


GOODWIN PROCTER LLP


By: _____

Aaron M. Bailey (Bar # 484262)
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
Alouis@goodwinprocter.com
*Attorneys for Defendant Premo*
*Pharmaceutical Laboratories, Inc.*


Of Counsel:
Christopher Garvey, Esq.
Diana M. Scharf, Esq.
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Telephone (212) 813-8800
Facsimile (212)      355-3333
Cgarvey@goodwinprocter.com
Dscharf@goodwinprocter.com


A TRUE COPY
TEST: NOV 3 2006

Clerk, Superior Court of
the District of Columbia

By _____
Deputy Clerk

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2006, a copy of the above and foregoing has been

duly served upon counsel of record via first class U.S. Mail, postage pre-paid, to the following:

Aaron M. Levine, Esquire
Brandon J. Levine, Esquire
Renee L. Robinson-Meyer, Esquire
Steven J. Lewis, Esquire
Aaron M. Levine & Associates, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036
*Attorneys for Plaintiffs*

Lawrence H. Martin, Esquire
Foley Hoag, LLP
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006-4604

and

James J. Dillon, Esquire
John Granberry Gransky, Esquire
Foley Hoag, LLP
155 Seaport Boulevard
World Trade Center West
Boston, Massachusetts 02210-2600
*Attorneys for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Meyers Squibb Company*

Michael J. McManus, Esquire
Elizabeth Ewert, Esquire
Drinker, Biddle Realth, LLP
1500 K Street, NW, Suite 110
Washington, DC 20005-1209
*Attorneys for Defendant Pharmacia and Upjohn Co.*

-14-

1874389 KENNERI 11/22/2006 11:09:15 AM

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
*Attorneys for Defendant Dart Industries, Inc.*

Kathleen M. Bustraan, Esquire
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201
*Attorneys for Lannett Company, Inc.*

F. Lane Heard III, Esquire
Ashley W. Hardin , Esquire
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C. 20005
*Attorneys for Wyeth*

_____
Aaron M. Bailey (Bar # 484262)

1874389 KENNERI 11/22/2006 11:09:15 A

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

ELIZABETH ANNE MAHONEY
43 Tremont Street
Carver, MA 02330

and

ALICIA BENTING AND RICHARD BENTING
183 Oak Street
Pembroke, MA 02359

Plaintiffs,

v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
    w/s/o NATIONAL REGISTERED AGENTS, INC.
    1090 Vermont Avenue, NW, # 910
    Washington, DC 20005

and

BRISTOL-MYERS SQUIBB COMPANY
a successor of E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
    w/s/o CT CORPORATION
    1025 Vermont Avenue, NW
    Washington, DC 20005

and

PHARMACIA and UPJOHN COMPANY
(aka THE UPJOHN COMPANY)
100 Route 206 North
Peapack, NJ 07977
    w/s/o CT CORPORATION
    1025 Vermont Avenue, NW
    Washington, DC 20005

and





FILED
CIVIL ACTIONS BRANCH
NOV 20 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Civil Action No. 0007935-06

Judge Geoffrey M. Alprin



DART INDUSTRIES, INC., a successor to
REXALL DRUG COMPANY, INC.
14901 South Orange Blossom Trail
Orlando, FL 32837
       w/s/o Sheila AnnMarie Moeller, Esq.
       Gilbride, Tusa, Last & Spellane, LLC
       31 Brookside Drive
       Greenwich, CT 06836

and

PREMO PHARMACEUTICAL
LABORATORIES, INC.
       w/s/o Corporation Trust Co.
       820 Bear Tavern Road
       West Trenton, NJ 08628

and

LANNET COMPANY, INC.
c/o Samuel Gratz, CEO
9000 State Road
Philadelphia, PA 19136

and

WYETH, INC.
5 Giraldi Farms
Madison, NJ 07940

                     Defendants.

## WYETH'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Wyeth[1] answers the Complaint of plaintiffs Elizabeth Anne Mahoney, Alicia

Benting, and Richard Benting ("Complaint") as follows:  Wyeth denies each averment in the

Complaint except those expressly admitted below.  Wyeth also states that, to the extent that

averments in the Complaint refer generally to "defendants," Wyeth answers the averments as to

itself.  To the extent that averments in the Complaint refer to defendants other than Wyeth,

---

[1]    Wyeth is the corporate entity that has its principal place of business at 5 Giraldi Farms,
Madison, NJ 07940, the address listed for the Wyeth defendant on plaintiffs' Complaint.

2

1874389 KENNERI 11/22/2006 11:09:15 AM

Wyeth states that it is without knowledge or information sufficient to form a belief as to the truth

of the averments and, therefore, denies the averments.

## (DES Litigation — Products Liability, Market Share Liability)

1.     Paragraph 1 states a legal conclusion that requires no response.  Should a response

be required, Wyeth denies the averment in paragraph 1 of the Complaint.

2.     Wyeth admits that it manufactures, markets, and distributes certain

pharmaceuticals and that it does business in the District of Columbia.  Wyeth further admits that

Ayerst, McKenna & Harrison, Ltd., a company later acquired by Wyeth, sought and obtained

approval from the United States Food & Drug Administration for diethylstilbestrol ("DES").

Wyeth denies the remaining averments in paragraph 2 of the Complaint.

3.     Wyeth is without knowledge or information sufficient to form a belief as to the

truth of the averments in the first sentence in paragraph 3 and, therefore, denies the averments.

Wyeth denies the remaining averments in paragraph 3.

## COUNT I
### (Negligence — Elizabeth Anne Mahoney v. Eli Lilly, et al.)

4.     Wyeth is without knowledge or information sufficient to form a belief as to the

truth of the averments in the first two sentences of paragraph 4 and, therefore, denies the

averments.  Wyeth admits that, at times in the past, it manufactured, supplied, and sold DES.

Wyeth denies the remaining averments in paragraph 4 of the Complaint, including any allegation

that Wyeth manufactured the DES to which plaintiff Elizabeth Anne Mahoney was allegedly

exposed.

5.     Wyeth denies the averments in paragraph 5 of the Complaint.

6.     Wyeth denies the averments in paragraph 6 of the Complaint.

1874389 KENNERI 11/22/2006 11:09:15 AM

## COUNT II
### (Strict Liability — Elizabeth Anne Mahoney v. Eli Lilly et al.)

7.      Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

8.      Wyeth denies the averments in paragraph 8 of the Complaint.

9.      Wyeth admits that, at times in the past, it manufactured, supplied, and sold DES. Wyeth denies the remaining averments in paragraph 9 of the Complaint, including any allegation that Wyeth manufactured the DES to which plaintiff Elizabeth Anne Mahoney was allegedly exposed.

10.     Wyeth is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 and, therefore, denies the averments.

11.     Wyeth denies the averments in paragraph 11 of the Complaint.

12.     Wyeth denies the averments in paragraph 12 of the Complaint.

13.     Wyeth denies the averments in paragraph 13 of the Complaint.

14.     Wyeth denies the averments in paragraph 14 of the Complaint.

## COUNT III
### (Breach of Warranty — Elizabeth Anne Mahoney v. Eli Lilly et al.)

15.     Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

16.     Wyeth denies the averments in paragraph 16 of the Complaint.

17.     Wyeth denies the averments in paragraph 17 of the Complaint.

18.     Wyeth denies the averments in paragraph 18 of the Complaint.

19.     Wyeth denies the averments in paragraph 19 of the Complaint.

4

## COUNT IV
### (Misrepresentation — Elizabeth Anne Mahoney v. Eli Lilly et al.)

20.     Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

21.     Wyeth denies the averments in paragraph 21 of the Complaint.

22.     Wyeth is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 of the Complaint and, therefore, denies the averments.

23.     Wyeth denies the averments in paragraph 23 of the Complaint.

24.     Wyeth denies the averments in paragraph 24 of the Complaint.

## COUNT V
### (Punitive Damages — Elizabeth Anne Mahoney v. Eli Lilly et al.)

25.     Wyeth denies the averments in paragraph 25 of the Complaint.

## COUNT VI
### (Negligence — Alicia Benting v. Eli Lilly, et al.)

26.     Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

27.     Wyeth is without knowledge or information sufficient to form a belief as to the truth of the averments in the first two sentences of paragraph 27 and, therefore, denies the averments.  Wyeth admits that, at times in the past, it manufactured, supplied, and sold DES.  Wyeth denies the remaining averments in paragraph 27 of the Complaint, including any allegation that Wyeth manufactured the DES to which plaintiff Alicia Benting was allegedly exposed.

28.     Wyeth denies the averments in paragraph 28 of the Complaint.

29.     Wyeth denies the averments in paragraph 29 of the Complaint.

1874389 KENNERI 11/22/2006 11:09:15 AM

## Count VII
### (Strict Liability — Alicia Benting v. Eli Lilly et al.)

30.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

31.    Wyeth denies the averments in paragraph 31 of the Complaint.

32.    Wyeth admits that, at times in the past, it manufactured, supplied, and sold DES. Wyeth denies the remaining averments in paragraph 32 of the Complaint, including any allegation that Wyeth manufactured the DES to which plaintiff Alicia Benting was allegedly exposed.

33.    Wyeth is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 33 and, therefore, denies the averments.

34.    Wyeth denies the averments in paragraph 34 of the Complaint.

35.    Wyeth denies the averments in paragraph 35 of the Complaint.

36.    Wyeth denies the averments in paragraph 36 of the Complaint.

37.    Wyeth denies the averments in paragraph 37 of the Complaint.

## Count VIII
### (Breach of Warranty — Alicia Benting v. Eli Lilly et al.)

38.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

39.    Wyeth denies the averments in paragraph 39 of the Complaint.

40.    Wyeth denies the averments in paragraph 40 of the Complaint.

41.    Wyeth denies the averments in paragraph 41 of the Complaint.

42.    Wyeth denies the averments in paragraph 42 of the Complaint.

1874389 KENNERI 11/22/2006 11:09:15 AM

## COUNT IX
**(Misrepresentation — Alicia Benting v. Eli Lilly et al.)**

43.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

44.    Wyeth denies the averments in paragraph 44 of the Complaint.

45.    Wyeth is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 45 of the Complaint and, therefore, denies the averments.

46.    Wyeth denies the averments in paragraph 46 of the Complaint.

47.    Wyeth denies the averments in paragraph 47 of the Complaint.

## COUNT X
**(Punitive Damages — Alicia Benting v. Eli Lilly et al.)**

48.    Wyeth denies the averments in paragraph 48 of the Complaint.

## COUNT XI
**(Loss of Consortium — Richard Benting)**

49.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

50.    Wyeth is without knowledge or information sufficient to form a belief as to the truth of the averment in the first sentence of paragraph 50 of the Complaint and, therefore, denies the averment. Wyeth denies the remaining averments in paragraph 50 of the Complaint.

Wyeth admits that plaintiffs seek the relief requested in the three "WHEREFORE" paragraphs immediately following paragraph 50 of the Complaint, but denies that plaintiffs are entitled to the relief requested or any relief whatsoever.

7

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on plaintiffs, Wyeth alleges as follows:

### First Affirmative Defense

The Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### Third Affirmative Defense

Plaintiffs Elizabeth Anne Mahoney and Alicia Benting's natural mother knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Complaint. Pursuant to the doctrines of assumption of the risk or informed consent, this conduct bars in whole or in part the damages that plaintiffs seek to recover herein.

### Fourth Affirmative Defense

Plaintiffs' claims are barred because the injuries allegedly sustained by plaintiffs were not proximately caused by any act or omission of Wyeth.

### Fifth Affirmative Defense

Plaintiffs' recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others.

### Sixth Affirmative Defense

If plaintiffs were injured by any product manufactured, sold, or distributed by Wyeth, those injuries occurred because the product was used for a purpose other than that for which it

8

was intended, in a manner other than that in which it was intended to be used, and in disregard of instructions and directions regarding its use. Such misuse was not reasonably foreseeable to Wyeth.

### Seventh Affirmative Defense

Plaintiffs' alleged injuries and damages, if any, were caused in whole or in part by the acts and omissions of third parties over whom Wyeth had no authority or control, including without limitation, misuse of diethylstilbestrol (the "subject product") by such third parties.

### Eighth Affirmative Defense

Plaintiffs' claims are barred because any injuries and damages allegedly sustained by plaintiffs were the result of pre-existing or subsequent conditions that are unrelated to use of the subject product.

### Ninth Affirmative Defense

Plaintiffs' claims are barred because any injuries and damages allegedly sustained by plaintiffs were the direct and proximate result of an independent, unforeseeable, superseding, or intervening cause.

### Tenth Affirmative Defense

Plaintiffs' claims are barred because any injuries and damages allegedly sustained by plaintiffs as a result of the subject product were caused by an idiosyncratic reaction to the subject product that was not reasonably foreseeable to Wyeth.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred by reason of plaintiffs' failure to mitigate the alleged damages or losses.

9

## Twelfth Affirmative Defense

Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, and estoppel.

## Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, release, discharge, and accord and satisfaction.

## Fourteenth Affirmative Defense

Wyeth denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Wyeth, or at the instruction or subject to the control of Wyeth with regard to any of the actions described in the Complaint; thus, Wyeth is not liable for any acts or omissions of such third parties as a matter of law.

## Fifteenth Affirmative Defense

Wyeth avers that it did not participate in, authorize, ratify, or benefit from the alleged misrepresentations or wrongful acts that are asserted in the Complaint.

## Sixteenth Affirmative Defense

Wyeth affirmatively pleads the application of comment k of section 402A of the Restatement (Second) of Torts and section 6(c) of the Restatement (Third) of Torts: Product Liability and its limitations upon the doctrine of strict product liability for purported design defect.

## Seventeenth Affirmative Defense

Plaintiffs' claims based on Wyeth's alleged duty to warn are barred by the learned intermediary doctrine.

1874389 KENNERI 11/22/2006 11:09:15 AM

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the lack of a defect since the subject product was properly prepared in accordance with the applicable standard of care.

### Nineteenth Affirmative Defense

Plaintiffs' claims are barred because, based on the state of scientific, medical and technical knowledge at the time the subject product was marketed, the product was reasonably safe for its normal and foreseeable use at all times, it was not unreasonably dangerous or defective, and its benefits exceeded any associated risks.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred because the methods, standards, and techniques utilized by Wyeth in manufacturing, distributing, marketing, or labeling the subject product and in issuing warnings and instructions with respect to its use, conformed with the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured and distributed.

### Twenty-First Affirmative Defense

Plaintiffs' claims predicated on state tort law and alleging that the subject product is unsafe are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article IV, clause 2.

### Twenty-Second Affirmative Defense

The conduct of Wyeth, as well as the subject product, conformed with the Federal Food, Drug, and Cosmetic Act and the requirements of the Food and Drug Administration. Moreover, the activities of Wyeth alleged in the Complaint conformed with all state and federal statutes,

11

1874389 KENNERI 11/22/2006 11:09:15 AM

regulations, and industry standards based upon the state of knowledge existing at the relevant time alleged in the Complaint.

### Twenty-Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Wyeth's advertisements and labeling with respect to the subject product were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Twenty-Fourth Affirmative Defense

To the extent plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Wyeth's rights under the United States Constitution.

### Twenty-Fifth Affirmative Defense

Plaintiffs are not entitled to an award of attorneys' fees in the absence of a contract, statute, or law authorizing such fees.

### Twenty-Sixth Affirmative Defense

Should Wyeth be held liable to plaintiffs, which liability is specifically denied, Wyeth would be entitled to a set off for the total of all amounts paid to plaintiffs from all collateral sources.

### Twenty-Seventh Affirmative Defense

To the extent applicable, plaintiffs' purported breach of warranty claims are barred by a lack of privity between plaintiffs and Wyeth and because plaintiffs failed to provide Wyeth with reasonable or adequate notice of the alleged breach of any such purported warranties.

### Twenty-Eighth Affirmative Defense

The plaintiffs have been unable to identify and prove the specific manufacturer of the alleged injury-causing product and therefore fail to state a claim upon which relief can be

12

granted in that they have asserted claims for relief which, if granted, would violate the public policy of the District of Columbia and all other applicable states, and constitute a denial by this Court of Wyeth's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

### Twenty-Ninth Affirmative Defense

The plaintiffs have been unable to identify and prove the specific manufacturer of the alleged injury-causing product and therefore lack standing to pursue this action.

### Thirtieth Affirmative Defense

If Wyeth is found liable to plaintiffs for any loss allegedly suffered by plaintiffs, such liability shall not exceed Wyeth's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

### Thirty-First Affirmative Defense

Plaintiffs' claims are barred by contributory negligence, which was a direct and proximate cause of plaintiffs' alleged conditions and which is a complete bar to plaintiffs' recovery in this case.

### Thirty-Second Affirmative Defense

Venue is improper in this judicial district.

### Thirty-Third Affirmative Defense

Because of the lack of clear standards, the imposition of punitive damages against Wyeth is unconstitutionally vague and/or overbroad.

1874389 KENNERI 11/22/2006 11:09:15 AM

### Thirty-Fourth Affirmative Defense

No act or omission of Wyeth was malicious, willful, wanton, reckless, grossly negligent or intentional and, therefore, any award of punitive damages is barred.

### Thirty-Fifth Affirmative Defense

Any claim for punitive damages is in contravention of Wyeth's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of the District of Columbia and all other applicable state constitutions and/or the law and public policies of the District of Columbia and all other applicable states, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

(a)     imposition of punitive damages by a jury which

(1) is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

(2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

(3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Wyeth;

(4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

14

(b)     imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)     imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)     imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Wyeth's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Wyeth to impermissible multiple punishment for the same alleged wrong.

## Thirty-Sixth Affirmative Defense

Counts V and X of the Complaint do not constitute separate causes of action, but are merely requests for a different type of damages and, therefore, Counts V and X of the Complaint are legal nullities.

## Thirty-Seventh Affirmative Defense

Count XI of the Complaint cannot be maintained because it is a joint cause of action and the Plaintiffs were not husband and wife at the time the injuries complained of occurred.

Wyeth requests that plaintiffs be denied the relief sought in the Complaint and that Wyeth be dismissed from this action and awarded costs together with any additional relief that the Court deems just and proper. Wyeth reserves the right to supplement its answer and affirmative defenses with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its answer accordingly.

## DEMAND FOR JURY TRIAL

Wyeth requests a trial by jury for all claims so triable.

**WHEREFORE**, Wyeth prays for relief and judgment against plaintiffs as follows:

A.  That plaintiffs take nothing by reason of the Complaint;

B.  That this action be dismissed with prejudice;

15

C.  That Wyeth recovers its fees, costs and attorneys' fees incurred herein; and

D.  Such further and other relief as the Court deems proper.

Dated:  November 20, 2006.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    F. Lane Heard, III (DC Bar No. 291724)
    Ashley W. Hardin (DC Bar No. 482251)

725 Twelfth Street, NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029

*Attorneys for Defendant Wyeth*

A TRUE COPY
TEST:  NOV 3 0 2006

Clerk, Superior Court of
the District of Columbia

By _____
                      Deputy Clerk

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2006 a true copy of Wyeth's Answer and Affirmative Defenses was served by U.S. First Class Mail, postage prepaid, to the following:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036
   *Attorneys for Plaintiffs*

Christopher J. Garvey
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022

   *Attorneys for Premo Pharmaceutical
Laboratories, Inc.*

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202
   *Attorneys for Bristol-Myers Squibb
Company*

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
   *Attorneys for Eli Lilly Company*

Elizabeth Ewert
DRINKER BIDDLE & REATH
1500 K Street, NW, Suite 1100
Washington, DC 20005-1209
   *Attorneys for Pharmacia and Upjohn
Company*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
   *Attorneys for Eli Lilly and Company*

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
   *Attorneys for Dart Industries, Inc.*

Kathleen Bustraan
LORD & WHIP
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201

*Attorneys for Lannett Co., Inc.*

Ashley W. Hardin

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

ELIZABETH ANNE MAHONEY
43 Tremont Street
Carver, MA 02330

and

ALICIA BENTING AND RICHARD BENTING
183 Oak Street
Pembroke, MA 02359

Plaintiffs,

v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
    w/s/o NATIONAL REGISTERED AGENTS, INC.
    1090 Vermont Avenue, NW, # 910
    Washington, DC 20005

and

BRISTOL-MYERS SQUIBB COMPANY
a successor of E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
    w/s/o CT CORPORATION
    1025 Vermont Avenue, NW
    Washington, DC 20005

and

PHARMACIA and UPJOHN COMPANY
(aka THE UPJOHN COMPANY)
100 Route 206 North
Peapack, NJ 07977
    w/s/o CT CORPORATION
    1025 Vermont Avenue, NW
    Washington, DC 20005

and



FILED
CIVIL ACTIONS BRANCH
NOV 20 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Civil Action No. 0007935-06

Judge Geoffrey M. Alprin



DART INDUSTRIES, INC., a successor to
REXALL DRUG COMPANY, INC.
14901 South Orange Blossom Trail
Orlando, FL 32837
    w/s/o Sheila AnnMarie Moeller, Esq.
    Gilbride, Tusa, Last & Spellane, LLC
    31 Brookside Drive
    Greenwich, CT 06836

        and

PREMO PHARMACEUTICAL
LABORATORIES, INC.
    w/s/o Corporation Trust Co.
    820 Bear Tavern Road
    West Trenton, NJ 08628

        and

LANNET COMPANY, INC.
c/o Samuel Gratz, CEO
9000 State Road
Philadelphia, PA 19136

        and

WYETH, INC.
5 Giraldi Farms
Madison, NJ 07940

        Defendants.

## ENTRY OF APPEARANCE

F. Lane Heard, III, and Ashley W. Hardin, and the law firm of Williams & Connolly LLP

hereby enter their appearance as counsel of record for defendant Wyeth.[1]  Mr. Heard and Ms.

Hardin are admitted to practice in this Court.

Dated:  November 20, 2006.

---

[1]    Wyeth is the corporate entity that has its principal place of business at 5 Giraldi Farms,
Madison NJ 07940, the address listed for the Wyeth defendant on plaintiffs' Complaint.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
F. Lane Heard, III (DC Bar No. 291724)
Ashley W. Hardin (DC Bar No. 482251)

725 Twelfth Street, NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029

*Attorneys for Defendant Wyeth*

A TRUE COPY
TEST: NOV 3 0 2006

Clerk, Superior Court of
the District of Columbia

By _____
Deputy Clerk

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2006 a true copy of Wyeth's Entry of Appearance was served by U.S. First Class Mail, postage prepaid, to the following:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036
   *Attorneys for Plaintiffs*

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202
   *Attorneys for Bristol-Myers Squibb Company*

Elizabeth Ewert
DRINKER BIDDLE & REATH
1500 K Street, NW, Suite 1100
Washington, DC 20005-1209
   *Attorneys for Pharmacia and Upjohn Company*

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
   *Attorneys for Dart Industries, Inc.*

Christopher J. Garvey
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022

   *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
   *Attorneys for Eli Lilly Company*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
   *Attorneys for Eli Lilly and Company*

Kathleen Bustraan
LORD & WHIP
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201

*Attorneys for Lannett Co., Inc.*

Ashley W. Hardin



## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

ELIZABETH ANNE MAHONEY
43 Tremont Street
Carver, MA 02330

and

ALICIA BENTING AND RICHARD BENTING
183 Oak Street
Pembroke, MA 02359

Plaintiffs,

v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
    w/s/o NATIONAL REGISTERED AGENTS, INC.
    1090 Vermont Avenue, NW, # 910
    Washington, DC 20005

and

BRISTOL-MYERS SQUIBB COMPANY
a successor of E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
    w/s/o CT CORPORATION
    1025 Vermont Avenue, NW
    Washington, DC 20005

and

PHARMACIA and UPJOHN COMPANY
(aka THE UPJOHN COMPANY)
100 Route 206 North
Peapack, NJ 07977
    w/s/o CT CORPORATION
    1025 Vermont Avenue, NW
    Washington, DC 20005

and



Civil Action No. 0007935-06

Judge Geoffrey M. Alprin



DART INDUSTRIES, INC., a successor to
REXALL DRUG COMPANY, INC.
14901 South Orange Blossom Trail
Orlando, FL 32837
       w/s/o Sheila AnnMarie Moeller, Esq.
       Gilbride, Tusa, Last & Spellane, LLC
       31 Brookside Drive
       Greenwich, CT 06836

       and

PREMO PHARMACEUTICAL
LABORATORIES, INC.
       w/s/o Corporation Trust Co.
       820 Bear Tavern Road
       West Trenton, NJ 08628

       and

LANNET COMPANY, INC.
c/o Samuel Gratz, CEO
9000 State Road
Philadelphia, PA 19136

       and

WYETH, INC.
5 Giraldi Farms
Madison, NJ 07940

       Defendants.

## WYETH'S FINANCIAL DISCLOSURE STATEMENT

    Pursuant to Rule 7.1 of the Superior Court Rules of Civil Procedure, defendant Wyeth[1]

respectfully submits this Financial Disclosure Statement. Wyeth does not have a parent

corporation. No publicly held corporation owns ten percent (10%) or more of Wyeth's stock.


Dated: November 20, 2006.

---

[1]   Wyeth is the corporate entity that has its principal place of business at 5 Giraldi Farms,
    Madison, NJ 07940, the address listed for the Wyeth defendant on plaintiffs' Complaint.

1874389 KENNERI 11/22/2006 11:09:15 AM

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    F. Lane Heard, III (DC Bar No. 291724)
    Ashley W. Hardin (DC Bar No. 482251)

725 Twelfth Street, NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029

*Attorneys for Defendant Wyeth*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2006 a true copy of Wyeth's Financial Disclosure Statement was served by U.S. First Class Mail, postage prepaid, to the following:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036
   *Attorneys for Plaintiffs*

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202
   *Attorneys for Bristol-Myers Squibb Company*

Elizabeth Ewert
DRINKER BIDDLE & REATH
1500 K Street, NW, Suite 1100
Washington, DC 20005-1209
   *Attorneys for Pharmacia and Upjohn Company*

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
   *Attorneys for Dart Industries, Inc.*

Christopher J. Garvey
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022

   *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
   *Attorneys for Eli Lilly Company*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
   *Attorneys for Eli Lilly and Company*

Kathleen Bustraan
LORD & WHIP
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201

*Attorneys for Lannett Co., Inc.*

Ashley W. Hardin

A TRUE COPY
TEST: NOV 30 2006
Clerk, Superior Court of
the District of Columbia
By
                                    Deputy Clerk

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

FILED
RECEIVED BY MAIL
NOV (
Superior Court
of the District of Columbia
Wash...

| | |
|---|---|
| ELIZABETH ANN MAHONEY, et al. | * |
| Plaintiffs | * |
| | Civil Action No.: 06-CA-0007935 |
| v. | * Judge: Geoffrey M. Alprin |
| ELI LILLY & COMPANY, et al. | * |
| Defendants | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*

### ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.    As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiffs.

2.    As to Paragraph 2 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and



Case: 2006 CA 007935 B

distribution of pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3.      This Defendant denies the allegations contained in Paragraph 3, except for the fact that the Plaintiffs are sisters.

4.      As to Count I, Paragraphs 4, 5 and 6 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

5.      As to Count II, Paragraph 7 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 6 as fully as if they were repeated verbatim herein.

6.      As to Count II, Paragraphs 8, 10, 11, 12, 13 and 14 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

7.      As to Count II, Paragraph 9 of the Complaint, this Defendant admits that its predecessor was previously engaged in the business of producing DES or was previously a manufacturer of DES.

8.      As to Count III, Paragraph 15 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 14 as fully as if they were repeated verbatim herein.

9.      As to Count III, Paragraphs 16, 17, 18 and 19 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

10.     As to Count IV, Paragraph 20 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 19 as fully as if they were repeated verbatim herein.

2

11.    As to Count IV, Paragraphs 21, 22, 23 and 24 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

12.    As to Count V, Paragraph 25 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

13.    As to Count VI, Paragraph 26 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 25 as fully as if they were repeated verbatim herein.

14.    As to Count VI, Paragraphs 27, 28 and 29 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

15.    As to Count VII, Paragraph 30 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 26 through 29 as fully as if they were repeated verbatim herein.

16.    As to Count VII, Paragraphs 31, 33, 34, 35, 36 and 37 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

17.    As to Count VII, Paragraph 32 of the Complaint, this Defendant admits that its predecessor was previously engaged in the business of producing DES or was previously a manufacturer of DES.

18.    As to Count VIII, Paragraph 38 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 26 through 37 as fully as if they were repeated verbatim herein.

19.    As to Count VIII, Paragraphs 39, 40, 41 and 42 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

3

20.　　As to Count IX, Paragraph 43 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 26 through 42 as fully as if they were repeated verbatim herein.

21.　　As to Count IX, Paragraphs 44, 45, 46, and 47 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

22.　　As to Count X, Paragraph 48 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

23.　　As to Count XI, Paragraph 49 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 26 through 47 as fully as if they were repeated verbatim herein.

24.　　As to Count XI, Paragraph 50 of the Complaint, this Defendant denies the allegations of this paragraph except for the relationship between Richard Benting and Alicia Benting.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

4

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

5

## EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

## NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

## THIRTEENTH DEFENSE

Plaintiffs' causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

1874265 KENNERI 11/22/2006 10:50:01 AM

### FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

### SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

### SEVENTEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

### EIGHTEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

7

### TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

### TWENTY-FIRST DEFENSE

Counts V and X of the Complaint do not constitute separate causes of action but are merely a request for a different type of damages and, therefore, Counts V and X of the Complaint are a legal nullity.

### TWENTY-SECOND DEFENSE

That the cause of action for loss of consortium set forth in Count XI of the Complaint on behalf of Richard Benting cannot be maintained because Richard Benting and Alicia Benting were not married at the time the causes of action accrued.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2006, a copy of the foregoing Answer to Complaint was mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

National Registered Agents, Inc.
1090 Vermont Avenue, N.W., #910
Washington, D.C. 20005
*Agent for Eli Lilly & Company*

Elizabeth Ewert, Esquire
Stephanie Albert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Defendant Pharmacia and Upjohn Company*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Kathleen M. Bustraan, Esquire
Lord & Whip, P.A.
Charles Center South
36 South Charles Street – 10th Floor
Baltimore, Maryland 21201; *Attorneys for Lannett Company, Inc.*

1874265 KENNERI 11/22/2006 10:50:01 AM

F. Lane Heard, III, Esquire
Ashley W. Hardin, Esquire
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C.  20005; *Attorneys for Wyeth*

Sidney G. Leech

A TRUE COPY
TEST:
'NOV 3 0 2006
Clerk, Superior Court of
the District of Columbia

By

Deputy Clerk

10

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

ELIZABETH ANNE MAHONEY
43 Tremont Street
Carver, MA 02330

and

ALICIA BENTING AND RICHARD BENTING
183 Oak Street
Pembroke, MA 02359


Plaintiffs,

v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
    w/s/o NATIONAL REGISTERED AGENTS, INC.
    1090 Vermont Avenue, NW, # 910
    Washington, DC 20005

and

BRISTOL-MYERS SQUIBB COMPANY
a successor of E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
    w/s/o CT CORPORATION
    1025 Vermont Avenue, NW
    Washington, DC 20005

and

PHARMACIA and UPJOHN COMPANY
(aka THE UPJOHN COMPANY)
100 Route 206 North
Peapack, NJ 07977
    w/s/o CT CORPORATION
    1025 Vermont Avenue, NW
    Washington, DC 20005

and



FILED
CIVIL ACTIONS BRANCH
NOV 2 0 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Civil Action No. 0007935-06

Judge Geoffrey M. Alprin



DART INDUSTRIES, INC., a successor to
REXALL DRUG COMPANY, INC.
14901 South Orange Blossom Trail
Orlando, FL 32837

w/s/o Sheila AnnMarie Moeller, Esq.
Gilbride, Tusa, Last & Spellane, LLC
31 Brookside Drive
Greenwich, CT 06836

and

PREMO PHARMACEUTICAL
LABORATORIES, INC.

w/s/o Corporation Trust Co.
820 Bear Tavern Road
West Trenton, NJ 08628

and

LANNET COMPANY, INC.
c/o Samuel Gratz, CEO
9000 State Road
Philadelphia, PA 19136

and

WYETH, INC.
5 Giraldi Farms
Madison, NJ 07940

Defendants.

## WYETH'S FINANCIAL DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Superior Court Rules of Civil Procedure, defendant Wyeth[1] respectfully submits this Financial Disclosure Statement. Wyeth does not have a parent corporation. No publicly held corporation owns ten percent (10%) or more of Wyeth's stock.

Dated: November 20, 2006.

---

[1]    Wyeth is the corporate entity that has its principal place of business at 5 Giraldi Farms, Madison, NJ 07940, the address listed for the Wyeth defendant on plaintiffs' Complaint.

2

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    F. Lane Heard, III (DC Bar No. 291724)
    Ashley W. Hardin (DC Bar No. 482251)

725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Attorneys for Defendant Wyeth*

'A TRUE COPY
TEST: NOV 30 2006

Clerk, Superior Court of
the District of Columbia

3                              Deputy Clerk

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2006 a true copy of Wyeth's Financial Disclosure Statement was served by U.S. First Class Mail, postage prepaid, to the following:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036
    *Attorneys for Plaintiffs*

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN,
LLP
One South Street
Suite 2000
Baltimore, MD 21202
    *Attorneys for Bristol-Myers Squibb Company*

Elizabeth Ewert
DRINKER BIDDLE & REATH
1500 K Street, NW, Suite 1100
Washington, DC 20005-1209
    *Attorneys for Pharmacia and Upjohn Company*

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
    *Attorneys for Dart Industries, Inc.*

Christopher J. Garvey
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022

    *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
    *Attorneys for Eli Lilly Company*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
    *Attorneys for Eli Lilly and Company*

Kathleen Bustraan
LORD & WHIP
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201

*Attorneys for Lannett Co., Inc.*

Ashley W. Hardin

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

ELIZABETH ANNE MAHONEY et.al.

*Plaintiff*

VS.

Civil Action No. _____

WYETH, INC.

*Defendant*

A TRUE COPY
TEST: **NOV 2 0 2006**

Clerk, Superior Court of
the District of Columbia

By _____
Deputy Clerk

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. NW. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC 20036

(202) 833-8040

Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date    OCT 2 7 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

ELIZABETH ANNE MAHONEY et.al.
*Plaintiff*

vs.

LANNETT COMPANY, INC.
*Defendant*

Civil Action No.

A TRUE COPY
TEST: NOV 2 0 2006
Clerk, Superior Court of
the District of Columbia

By _____
Deputy Clerk

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address

Washington, DC 20036

(202) 833-8040
Telephone

By _____
Deputy Clerk

Date  OCT 2 7 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

ELIZABETH ANNE MAHONEY et.al.

*Plaintiff*

VS.

Civil Action No. 0007935-0

PREMO PHARMACEUTICAL LABS, INC.

*Defendant*

A TRUE COPY
TEST: NOV 2 0 2006

Clerk, Superior Court of
the District of Columbia

By

Deputy Clerk

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC 20036

(202) 833-8040

Telephone

*Clerk of the Court*

By

Deputy Clerk

Date OCT 2 7 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

ELIZABETH ANNE MAHONEY et.al.

*Plaintiff*

VS.

Civil Action No.

DART INDUSTRIES, INC.

*Defendant*

A TRUE COPY
TEST: NOV 2 0 2006

Clerk, Superior Court of
the District of Columbia

By _____

Deputy Clerk

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the **plaintiff** at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC 20036

(202) 833-8040

Telephone

*Clerk of the Court*

By _____

Deputy Clerk

Date    OCT 2 7 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 92     **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001   Telephone: 879-1133

ELIZABETH ANNE MAHONEY et.al.

*Plaintiff*

vs.

Civil Action No.  0007935-06

PHARMACIA and UPJOHN COMPANY

*Defendant*

A TRUE COPY
TEST: NOV 2 0 2006

Clerk, Superior Court of
the District of Columbia

By

Deputy Clerk

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC  20036

(202) 833-8040

Telephone

*Clerk of the Court*

By

Deputy Clerk

Date

OCT 2 7 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

ELIZABETH ANNE MAHONEY et.al.

*Plaintiff*

vs.

BRISTOL-MYERS SQUIBB COMPANY

*Defendant*

Civil Action No. ‎‏‎‏ ‎0007035‎ ‎01

A TRUE COPY
TEST: NOV 2 0 2006
Clerk, Superior Court of
the District of Columbia

By

Deputy Clerk

**SUMMONS**

To the above named Defendant:

 You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

 You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC 20036

(202) 833-8040

Telephone

By

Deputy Clerk

Date OCT 2 7 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 78

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

ELIZABETH ANNE MAHONEY et.al.

*Plaintiff*

VS.

ELI LILLY & COMPANY

*Defendant*

Civil Action No.

A TRUE COPY
TEST: NOV 2 0 2006

Clerk, Superior Court of
the District of Columbia

By

Deputy Clerk

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC 20036

(202) 833-8040

Telephone

*Clerk of the Court*

By

Deputy Clerk

Date    OCT 2 7 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



2006 CA 007935 B          MAHONEY, ELIZABETH ANNE et al  Vs.  ELI LILLY AND COMPANY et al
GMA

```
Search Criteria
 Docket Entry                          [↓]    Begin Date            SortDescending
 Images        All Dockets                    End Date
 Participant                           [↓]
 Display OptionExclude Non Display Dockets
```

Search Results

| Docket Date | Reference | Description | Amt Dism/Credit | Amt Owed/ Amount Due |
|---|---|---|---|---|
| 11/20/2006 | | Wyeth's Financial Disclosure Statement ASHLEY W HARDIN (Attorney) on behalf of WYETH, INC (Defendant) | | |
| 11/20/2006 | | Praecipe to Enter Appearance Filed of Ashley W. Hardin on behalf of Wyeth, Inc., ASHLEY W HARDIN (Attorney) on behalf of WYETH, INC (Defendant) | | |
| 11/20/2006 | | Wyeth's Financial Disclosure Statement ASHLEY W HARDIN (Attorney) on behalf of WYETH, INC (Defendant) | | |
| 11/20/2006 | | Answer to Complaint Filed AARON M BAILEY (Attorney) on behalf of PREMO PHARMACEUTICAL LABORATORIES, INC (Defendant) | | |
| 11/20/2006 | | Answer to Complaint Filed ASHLEY W HARDIN (Attorney) on behalf of WYETH, INC (Defendant) | | |
| 11/17/2006 | | Answer to Complaint Filed KATHLEEN M BUSTRAAN (Attorney) on behalf of LANNETT COMPANY, INC (Defendant) | | |
| 11/9/2006 | | Answer to Complaint Filed Mr LAWRENCE H MARTIN (Attorney) on behalf of ELI LILLY AND COMPANY (Defendant) | | |
| 11/9/2006 | | Rule 7.1 Disclosure Statement Mr LAWRENCE H MARTIN (Attorney) on behalf of ELI LILLY AND COMPANY (Defendant) | | |
| 11/8/2006 | | Answer to Complaint Filed Mr SIDNEY G LEECH (Attorney) on behalf of BRISTOL-MYERS SQUIBB COMPANY (Defendant) | | |
| 11/8/2006 | | Answer to Complaint Filed Mr JOHN F ANDERSON (Attorney) on behalf of DART INDUSTRIES, INC (Defendant) | | |
| 10/30/2006 | | Issue Date:  10/30/2006 Service:  Summons Issued Method:  Service Issued Cost Per:  $ | | |

```
                     ELI LILLY AND COMPANY
                     1090 VERMONT AVENUE NW #910
                     WASHINGTON, DC   20005
                     Tracking No: 5000023947


                     BRISTOL-MYERS SQUIBB COMPANY
                     PO BOX 4500
                     PRINCETON, NJ   08543
                     Tracking No: 5000023948


                     PHARMACIA AND UPJOHN COMPANY
                     100 ROUTE 206 NORTH
                     PEAPACK, NJ   07977
                     Tracking No: 5000023949
```

```
                    DART INDUSTRIES, INC
                    14901 South Orange Blossom Trial
                    Orlando, FL   32837
                    Tracking No: 5000023950


                    PREMO PHARMACEUTICAL LABORATORIES, INC
                    820 Bear Tavern Road
                    TRENTON, NJ   08628
                    Tracking No: 5000023951


                    LANNETT COMPANY, INC
                    9000 State Road
                    Philadelphia, PA   19136
                    Tracking No: 5000023952


                    WYETH, INC
                    5 Giraldi Farms
                    Madison, NJ   07940
                    Tracking No: 5000023953


10/27/2006          Event Scheduled
                    Event: Initial Scheduling Conference-60
                    Date: 01/26/2007   Time: 9:00 am
                    Judge: ALPRIN, GEOFFREY M    Location:
                    Courtroom 320
10/27/2006          Complaint for Personal Injury Filed
                    Attorney: LEVINE, Mr AARON M (007864)            120.00
                    ELIZABETH ANNE MAHONEY (PLAINTIFF);
                    Receipt: 54967  Date: 10/27/2006
```

# EXHIBIT B

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ELIZABETH ANNE MAHONEY, and
ALICIA BENTING, and
RICHARD BENTING,

           Plaintiffs,

    v.

ELI LILLY AND COMPANY, *et al.*,
Lilly Corporate Center,
Indianapolis, IN 46285,

           Defendants.

CIVIL ACTION No. 0007935-06

Calendar #

Judge Geoffrey Alprin

## CONSENT TO REMOVAL

Premo Pharmaceutical Laboratories, Inc., acting through its attorneys, Aaron Bailey and

Goodwin Procter LLP, hereby consents to the removal of the above-captioned case from the

Superior Court of the District of Columbia to the United States District Court for the District of

Columbia.

*Aaron Bailey / fm*

Aaron Bailey, D.C. Bar No. 484262
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Of Counsel:
Goodwin Procter LLP
Christopher J. Garvey
Diana M. Scharf
599 Lexington Avenue
New York, New York 10022

Attorneys for Defendant Premo
Pharmaceutical Laboratories, Inc.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ELIZABETH ANNE MAHONEY, and
ALICIA BENTING, and
RICHARD BENTING,

Plaintiffs,

v.

ELI LILLY AND COMPANY, *et al.*,
Lilly Corporate Center,
Indianapolis, IN 46285,

Defendants.

CIVIL ACTION No. 0007935-06

Calendar #

Judge Geoffrey Alprin

## CONSENT TO REMOVAL

Pharmacia and Upjohn Company, acting through its attorneys, Elizabeth L. Ewert and

Drinker Biddle Reath LLP, hereby consents to the removal of the above-captioned case from the

Superior Court of the District of Columbia to the United States District Court for the District of

Columbia.

Elizabeth L. Ewert, D.C. Bar No. 479368
Drinker Biddle Reath LLP
1500 K Street, N.W., Suite 1100
Washington, DC 20005

Attorneys for Defendant Pharmacia and
Upjohn Company

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ELIZABETH ANNE MAHONEY, and
ALICIA BENTING, and
RICHARD BENTING,

                Plaintiffs,

      v.

ELI LILLY AND COMPANY, *et al.*,
Lilly Corporate Center,
Indianapolis, IN 46285,

                Defendants.

CIVIL ACTION No. 0007935-06

Calendar #

Judge Geoffrey Alprin

## **CONSENT TO REMOVAL**

Dart Industries, Inc., acting through its attorneys, John F. Anderson and Troutman

Sanders LLP, hereby consents to the removal of the above-captioned case from the Superior

Court of the District of Columbia to the United States District Court for the District of Columbia.

John F. Anderson, D.C. Bar No. 393764
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102

Attorneys for Defendant Dart Industries,
Inc.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ELIZABETH ANNE MAHONEY, and
ALICIA BENTING, and
RICHARD BENTING,

          Plaintiffs,

        v.

ELI LILLY AND COMPANY, *et al.*,
Lilly Corporate Center,
Indianapolis, IN 46285,

          Defendants.

CIVIL ACTION No. 0007935-06

Calendar #

Judge Geoffrey Alprin

## CONSENT TO REMOVAL

Lannett Company, Inc., acting through its attorneys, Kathleen M. Bustraan and Lord & Whip, P.A., hereby consents to the removal of the above-captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

_____
Kathleen M. Bustraan, D.C. Bar No. 489749
Lord & Whip, P.A.
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201

Attorneys for Defendant Lannett Company, Inc.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ELIZABETH ANNE MAHONEY, and
ALICIA BENTING, and
RICHARD BENTING,

                    Plaintiffs,

        v.

ELI LILLY AND COMPANY, *et al.*,
Lilly Corporate Center,
Indianapolis, IN 46285,

                    Defendants.

CIVIL ACTION No. 0007935-06

Calendar #

Judge Geoffrey Alprin

## CONSENT TO REMOVAL

Wyeth Pharmaceutical, acting through its attorneys, Ashley W. Hardin and Williams &

Connolly LLP, hereby consents to the removal of the above-captioned case from the Superior

Court of the District of Columbia to the United States District Court for the District of Columbia.

_____
Ashley W. Hardin, D.C. Bar No. 482251
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Defendant Wyeth
Pharmaceutical