IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH ANN MAHONEY, and
ALICIA BENTING, and
RICHARD BENTING,

                    Plaintiffs,                    Civil Action No. 06-CV-02043 (RMU)

          v.

ELI LILLY AND COMPANY *et al.*,

                    Defendants.

## ELI LILLY AND COMPANY'S MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS

Defendant Eli Lilly and Company ("Lilly") moves to transfer this action to the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a). Lilly bases its motion on the fact that discovery is not complete and the District of Massachusetts is a more convenient forum than the District of Columbia for trying this action, the action could have been brought in the District of Massachusetts in the first place, and transfer out of a district with absolutely no connection to the Plaintiff's cause of action is in the interest of justice.

Transfer to the District of Massachusetts is appropriate for at least the following reasons:

- Plaintiff Elizabeth Ann Mahoney resides in Carver, in the District of Massachusetts;

- Plaintiff Alicia Benting resides in Pembroke, MA, in the District of Massachusetts;

- Plaintiff Richard Benting resides in Pembroke, MA, in the District of Massachusetts;

- Plaintiffs Elizabeth Ann Mahoney and Alicia Benting allege *in utero* exposure to diethylstilbestrol in the District of Massachusetts;

- Plaintiffs Elizabeth Ann Mahoney and Alicia Benting were born in the District of Massachusetts;

- The product at issue in this case was allegedly dispensed from pharmacies in Cohasset, MA, and Hanover, MA in the District of Massachusetts;

- The facility where Plaintiffs' mother's prescribing and treating physicians practiced medicine during her pregnancy with Plaintiffs, was located in Newton Lower Falls, MA, in the District of Massachusetts;

- All of the doctors who treated Plaintiffs' claimed injuries practice in the District of Massachusetts:  Dr. Donna Holden practices at the North River Medical Associates, Inc. (Rockland, MA); Dr. Cristo Shakr practices at Crown OB/GYN (Quincy, MA); Dr. Brian Berger practices at Boston IVF (Quincy, MA); Dr. Marian Craighill practices at Crown OB/GYN (Quincy, MA), Dr. Karen Girard practices at the Brigham OB/GYN Group (Chestnut Hill, MA); Dr. Amanda Metzger practices at Crown OB/GYN (Quincy, MA); Dr. Thomas McElrath practices at Brigham & Women's Hospital Center for Fetal Medicine and Prenatal Genetics (Boston, MA); Dr. Lydia Lee practices at Brigham & Women's Hospital Center for Fetal Medicine (Boston, MA); Dr. Achilles Athanassiou practices at South Shore Hospital's Maternal Fetal Medicine Center (Weymouth, MA);

- Plaintiff's expert witnesses, Dr. Brian Berger (Quincy, MA), Dr. Phillip Sullivan (Monument Beach, MA), Frank Maffa (Medford, MA) and Louis Imbriano (East Boston, MA) practice and are located in the District of Massachusetts; and

- This case -- like the more than 140 DES cases filed by Plaintiff's counsel in the District of Columbia in the past three years -- has no connection to the District of Columbia except that it was filed here.

WHEREFORE, based on the foregoing reasons and those more fully set forth in the accompanying Memorandum of Points and Authorities in Support of this Motion, Lilly respectfully requests this Court to grant its motion to transfer this case to the District of Massachusetts.

Respectfully submitted,

ELI LILLY AND COMPANY
By its Attorneys:


/s/ James J. Dillon
James J. Dillon (DC Bar #485593)
Foley Hoag LLP
155 Seaport Boulevard

World Trade Center West
Boston, MA 02210-2600
(617) 832-1000
Attorney for Defendant
Eli Lilly and Company


Dated: March 14, 2008

## LOCAL RULE 7(m) CERTIFICATION

     Pursuant to Local Rule 7(m), Eli Lilly and Company certifies that, through counsel, it conferred with Plaintiff's counsel to determine whether Plaintiff opposed the relief requested in this motion.  Plaintiff's counsel indicated that Plaintiff would oppose transfer of this action to the District of Massachusetts.  Eli Lilly also certifies that, through counsel, it attempted to confer by email and telephone with counsel for co-defendants.  Counsel for Lannett consented to transfer. There was no response from counsel for Bristol-Myers Squibb.


/s/ Brian Henninger_____
Brian Henninger

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELIZABETH ANN MAHONEY, and<br>ALICIA BENTING, and<br>RICHARD BENTING,<br><br>        Plaintiffs,<br><br>    v.<br><br>ELI LILLY AND COMPANY *et al.*,<br><br>        Defendants. | Civil Action No. 06-CV-02043 (RMU) |

## MEMORANDUM IN SUPPORT OF ELI LILLY AND COMPANY'S MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS

Defendant Eli Lilly and Company ("Lilly") submits this Memorandum in Support of its Motion to Transfer pursuant to 28 U.S.C. § 1404(a). Lilly's motion is based on the facts that the District of Massachusetts is a more convenient forum for key witnesses than the District of Columbia, this action could have originally been brought in the District of Massachusetts, and transfer out of a district with no connection to the Plaintiffs' claims is in the best interests of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

Written discovery and the fact depositions recently completed to date have confirmed that transfer to the District of Massachusetts is appropriate because (1) all of the plaintiffs currently reside in Massachusetts, (2) Elizabeth Mahoney and Alicia Benting were born in Massachusetts, (3) the drug at issue in this case -- diethylstilbestrol ("DES") -- was allegedly prescribed,

dispensed and ingested in Massachusetts, (4) all of the plaintiffs' claimed injuries were

diagnosed in Massachusetts, (5) plaintiffs' key, case-specific experts who have yet to be deposed

are located in Massachusetts, and (6) this case has absolutely no connection to Washington D.C.

Despite the parties' efforts to complete all discovery by the Court's March 24, 2008 deadline,

depositions of plaintiffs' four Massachusetts-based experts on medical causation, DES standard

of care and product identification have not yet been scheduled.  Therefore, in the interests of

justice and for the convenience of the parties and witnesses, the Court should transfer this action

to the United States District Court for the District of Massachusetts.

I.    **THIS COURT SHOULD EXERCISE ITS BROAD DISCRETION AND TRANSFER THIS ACTION TO THE DISTRICT OF MASSACHUSETTS**

        "For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1404(a).  Whether to transfer an action to a more convenient forum falls within the

wide discretion of the district court.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981)

("District courts were given more discretion to transfer under § 1404(a) than they had to dismiss

on grounds of forum non conveniens").  Because it would be more convenient for the parties to

litigate this action in the District of Massachusetts -- where plaintiffs' alleged injuries were

diagnosed, where crucial fact witnesses reside, and where the Court has familiarity with the

substantive law applicable to this matter -- and because there is no compelling connection

between the District of Columbia and the plaintiffs' claims, this action should be transferred to

the District of Massachusetts.  *See Dean v. Eli Lilly and Co.,* 515 F. Supp. 2d 18, 25 (D.D.C.

2007) (granting Lilly's Motion to Transfer a DES case from the District of Columbia to the

District of Massachusetts where all significant events occurred in Massachusetts and there was

no substantial connection between plaintiff's claims and the District of Columbia); *Ducharme-*

*Conrad v. Eli Lilly and Co.,* No. 06-01838, 2007 U.S. Dist. LEXIS 45525, at *7 (D.D.C. June 25, 2007) (granting Lilly's motion to transfer a DES case from the District of Columbia to the District of Massachusetts where, *inter alia*, plaintiff's claims have no connection with the District of Columbia and the fact witnesses are within the subpoena power of the District of Massachusetts); *Thompson v. Eli Lilly and Co.*, No. 03-122, 2003 U.S. Dist. LEXIS 27443, at *8-10 (D.D.C. June 27, 2003) (granting Lilly's Motion to Transfer a DES case from the District of Columbia to the District of Massachusetts because there was a greater connection between the facts of that case and the transferee forum).

### A. This Action "Might Have Been Brought" Originally in the United States District Court for the District of Massachusetts

Section 1404(a) permits transfer to a district or division where the case could have been brought in the first instance. 28 U.S.C. § 1404(a). Plaintiffs could have brought this action originally in the District of Massachusetts.

First, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[1] Lilly is incorporated and has its principal place of business in Indiana; Bristol-Myers Squibb Company is incorporated in Delaware and has its principal place of business in New York; Lannett is incorporated and has its principal place of business in Pennsylvania; and plaintiffs reside in and are presumably domiciled in Massachusetts.[2] Further, to the extent permitted by the United States Constitution, Massachusetts's long-arm statute, Mass. Gen. Laws ch. 223A, §3, reaches

---

[1] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that plaintiffs cannot recover more than $75,000. However, Lilly does not concede that the value of plaintiff's claim in fact exceeds that minimum requirement.

[2] Pharmacia, Premo, Dart and Wyeth were originally defendants in this action, but have settled with the plaintiffs and are no longer involved in this matter.

torts the consequences of which occur within Massachusetts. Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and in personam jurisdiction.

Second, venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(a)(2), which provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may be brought only in...a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Since plaintiffs were allegedly exposed to DES in Massachusetts, their alleged injuries occurred in Massachusetts and since any treatment as a result of plaintiffs' perceived medical problems took place in Massachusetts, venue is appropriate in that jurisdiction.

### B. The District of Massachusetts is Far More Convenient for the Witnesses Likely to be Called to Testify at Trial.

Section 1404(a) instructs district courts to consider the convenience of witnesses in deciding whether to transfer an action. In doing so, courts have also looked at ease of access to sources of proof and the amount of expense for willing witnesses. *See Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989); *see also Trout Unlimited v. United States Dept. of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996) (listing as private interest considerations the ease of access to sources of proof and whether the claim arose elsewhere). As confirmed by plaintiffs' fact depositions and their Interrogatory Responses, the vast majority of the potential fact and expert witnesses and sources of proof concerning the injuries alleged in this case are located in the District of Massachusetts. *See* Plaintiff Elizabeth Anne Mahoney's Responses to Defendants' Amended Uniform Preliminary Requests for Information and Plaintiff Alicia Benting's Responses to Defendants' Amended Uniform Preliminary Requests for Information, attached to the Affidavit of Lynn M. Zuchowski in

Support of Eli Lilly and Company's Motion to Transfer to the District of Massachusetts ("Zuchowski Aff") as Exhibits 1 and 2 respectively.

All of the witnesses who still need to be deposed or who may be deposed and who may be called to testify at trial are located in Massachusetts. The plaintiffs reside in Massachusetts, the pharmacies where the prescription at issue in this case were allegedly dispensed were in Massachusetts, all of the physicians who treated the plaintiffs' claimed injuries practice in Massachusetts: Dr. Donna Holden practices at the North River Medical Associates, Inc. (Rockland, MA); Dr. Cristo Shakr practices at Crown OB/GYN (Quincy, MA); Dr. Brian Berger practices at Boston IVF (Quincy, MA); Dr. Marian Craighill practices at Crown OB/GYN (Quincy, MA), Dr. Karen Girard practices at the Brigham OB/GYN Group (Chestnut Hill, MA); Dr. Amanda Metzger practices at Crown OB/GYN (Quincy, MA); Dr. Thomas McElrath practices at Brigham & Women's Hospital Center for Fetal Medicine and Prenatal Genetics (Boston, MA); Dr. Lydia Lee practices at Brigham & Women's Hospital Center for Fetal Medicine (Boston, MA); Dr. Achilles Athanassiou practices at South Shore Hospital's Maternal Fetal Medicine Center (Weymouth, MA). Furthermore, several key experts identified in plaintiffs' expert disclosures are located in Massachusetts: Dr. Brian Berger (Quincy, MA); Dr. Phillip Sullivan (Monument Beach, MA); Frank Moffa (Medford, MA) and Louis Imbriano (East Boston, MA). Lilly may need to depose these witnesses and believes it may be necessary to call them to testify at trial.

All of the witnesses described above are subject to the subpoena power of the United States District Court for the District of Massachusetts, but none are subject to the subpoena power of this Court in the District of Columbia. Despite the familiar refrain of plaintiffs' counsel that DES-related cases rarely survive past settlement negotiations, this is not a

compelling reason to subject Lilly to the risk of not having all necessary fact and expert witnesses available to testify at trial, were this matter to continue to that stage. Lilly is not aware of a single fact witness, relevant to plaintiffs' claims, who resides in or is subject to the subpoena power of the District of Columbia. If this action were to proceed to trial in this Court, any of the witnesses described above who chose to testify at trial would be subject to the inconvenience of traveling from Massachusetts to the District of Columbia in order to provide testimony in this matter. Thus, when considering the convenience of the witnesses as a whole, the District of Massachusetts is by far the most convenient forum for this litigation.

> ### C. Plaintiff's Choice of Forum is Entitled to Little Deference Because There is No Nexus Between the District of Columbia and the Cause of Action.

Plaintiffs have chosen to sue in a forum with no factual nexus with their claims. As this Court wrote in *Abbott Labs.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989), "[W]hile the plaintiff's choice of forum is generally entitled to deference, where the forum choice has no factual nexus with the lawsuit, plaintiffs' choice of forum may be accorded less weight in a section 1404(a) analysis.…In fact, the presumption may switch to Defendant's favor when neither party resides in the chosen forum and the cause of action arises elsewhere." *Id.* (citations and internal quotations omitted). *See also Boers v. U.S.*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) ("even though a court should typically give deference to a plaintiff's choice of forum, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum."); *Trout Unlimited*, 944 F. Supp. at 17 ("[D]eference to the plaintiff's choice of forum…is mitigated…[and] the showing defendants must make is lessened when the plaintiff's choice of forum has no factual nexus to the case, and, where…transfer is sought to the forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to that state. *Id.* (citations and internal quotations omitted). *See Thompson*, 2003 U.S. Dist. LEXIS

27443, at *9 (refusing to give deference to plaintiff's selected forum where there is no nexus between the chosen jurisdiction and the facts and circumstances of the case).

Plaintiffs do not reside in the District of Columbia and none of the events concerning plaintiff's alleged injuries as a result of *in utero* exposure to DES are alleged to have occurred in the District of Columbia.  Therefore, plaintiff's chosen forum should be accorded little deference.

### D.   Transferring This Action to the United States District Court for the District of Massachusetts is in the Interests of Justice.

Finally, the interests of justice dictate that this action be transferred to the District of Massachusetts.  The Court of Appeals for this Circuit held in *Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980), that in weighing the public interest, courts should consider (1) the local interest in having localized controversies tried at home; (2) holding the trial in a court whose state's law will govern the case; (3) not imposing jury duty upon the people of a community that has no relation to the litigation; and (4) the administrative difficulties flowing from court congestion.  *See also Hunter v. Johanns*, 517 F. Supp. 2d 340, 344 (D.D.C. 2007) (considering public interests including the transferee's court's familiarity with the governing laws, the relative congestion of the potential transferee and transferor courts and the local interest in deciding local interests at home).

These factors point toward the District of Massachusetts and away from the District of Columbia.  First, the District of Massachusetts has far more experience than the District of Columbia in interpreting and applying Massachusetts tort law.[3]  "The interests of justice...are

---

[3]  Under District of Columbia choice of law rules, Massachusetts substantive law governs plaintiffs' claims. The District of Columbia employs "a modified 'governmental interests analysis' which seeks to identify the jurisdiction with the 'most significant relationship' to the dispute."  *Washkoviak v. Student Loan Mktg. Ass'n*, 900 A.2d 168, 180 (D.C. 2006) *quoting Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990). Without a doubt, Massachusetts, the place where plaintiffs currently live, where they were allegedly exposed to DES, and where their

best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Trout Unlimited*, 944 F. Supp. at 19, *quoted in Thompson*, 2003 U.S. Dist. LEXIS 27443, at *8. Second, Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and efficiently. Next, it is inequitable to saddle the District of Columbia and its resources with the burden of disposing of a case that has no connection whatsoever with that forum. As shown in the accompanying chart, Plaintiff's attorneys have filed over 185 cases since March 2000 in the District of Columbia courts against Lilly alleging injuries from DES exposure, but only one of those cases had any connection to the District of Columbia. *See* DES Cases Filed by Aaron M. Levine, Esq. Against Eli Lilly and Company in the District of Columbia, March 2000 – January 2006, attached to Zuchowski Aff. as Exhibit 3.

## II.      CONCLUSION

For the reasons stated above, Lilly respectfully requests the Court to transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

ELI LILLY AND COMPANY

Dated: March 14, 2008

/s/ James J. Dillon
James J. Dillon (DC Bar #485593)
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000
Attorney for Defendant
Eli Lilly and Company

---

injuries allegedly occurred and were treated, is the state with the most significant relationship to plaintiff's claims. Given that the District of Columbia has no connection to the dispute, Massachusetts substantive law governs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELIZABETH ANN MAHONEY, and<br>ALICIA BENTING, and<br>RICHARD BENTING,<br><br>    Plaintiffs,<br><br>    v.<br><br>ELI LILLY AND COMPANY *et al.*,<br><br>    Defendants. | Civil Action No. 06-CV-02043 (RMU) |

**AFFIDAVIT OF LYNN M. ZUCHOWSKI IN SUPPORT OF ELI LILLY AND COMPANY'S MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS**

I, Lynn M. Zuchowski, being first sworn on oath, say that the following is true and correct.

1.     I am an attorney at Foley Hoag LLP, counsel for Eli Lilly and Company ("Lilly") in this action.  I am duly admitted to practice in the District of Massachusetts.

2.     Attached as Exhibit 1 is a true copy of Plaintiff Elizabeth Anne Mahoney's Responses to Defendants' Amended Uniform Preliminary Requests for Information.

3.     Attached as Exhibit 2 is a true copy of Plaintiff Alicia Benting's Responses to Defendants' Amended Uniform Preliminary Requests for Information.

4.     Attached as Exhibit 3 is a true copy of a document entitled DES Cases Filed by Aaron M. Levine, Esq. Against Eli Lilly and Company in the District of Columbia, March 2000 – January 2006.

_(signature)_

Lynn M. Zuchowski

_(signature)_

Notary Public

My commission expires:

WENDY MATTO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
August 28, 2009

Dated:  March 14, 2008

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH ANNE MAHONEY, et al.,  ]
                                 ]
        Plaintiffs,               ]
                                 ]
    v.                           ]    Civil Action No. 1:06-cv-02043 (RMU)
                                 ]
ELI LILLY AND COMPANY, et al.,   ]
                                 ]
        Defendants.               ]

**PLAINTIFF ELIZABETH ANNE MAHONEY'S RESPONSES
TO DEFENDANTS' AMENDED
UNIFORM PRELIMINARY REQUESTS FOR INFORMATION**

I.    GENERAL AS TO EACH PLAINTIFF

1.    State the full name, address, social security number, and date and place of birth of each plaintiff.

RESPONSE:        a.    Elizabeth Anne Mahoney;

                 b.    Address: 43 Tremont Street, Carver, MA 02330;

                 c.    SSN: 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;

                 d.    DOB: 5/30/68; and

                 e.    Place of Birth: Newton-Wellesley Hospital, Newton, MA.

2.    Identify each individual who the Complaint alleges was exposed to DES in utero (the "exposed person").

RESPONSE:        Elizabeth Anne Mahoney.

3.    State separately the full name, current residential address, and social security number of the natural mother ("DES mother") and natural father of each exposed person.  Identify any deceased parent, the date, place, and cause of death.

RESPONSE:

                 a.    Mother: Martha Mahoney; Address: 5368 SW Landing Creek Drive, Palm City, FL 34990; SSN: 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; and

      b.    Father: John Mahoney; Address: 5368 SW Landing Creek Drive, Palm City, FL 34990; SSN: 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.

4.    State separately for each DES mother and exposed person all previous addresses, the dates and with whom each person resided at those addresses.

**RESPONSE:**    <u>Prior addresses for Plaintiff Elizabeth Anne Mahoney:</u>

    a.    Jerusalem Road
Cohasset, MA 02025
(Birth - 1969; with parents and brother)

    b.    14 Surry Lane
Hanson, MA 02341
(1969 - 1970; with parents, brother, and sister)

    c.    442 River Street
Norwell, MA 02061
(1970 - 1997; with parents, brother, and sister)

    d.    762 Union Street
Franklin, MA 02038
(1997 - 1999; with husband Kenneth Gilmore)

    e.    43 Tremont Street
Carver, MA 02330
(1999 - present; with husband Kenneth Gilmore until 2004)

<u>Prior addresses for Martha Mahoney:</u>

    a.    56 Westland Road
Weston, MA 02493
(1959 - 1963; with ex-husband Bob Mills and son Daryl)

    b.    41 Lawson Road
Scituate, MA 02066
(1964 - 1966; with parents and son Daryl)

    c.    Jerusalem Road
Cohasset, MA 02025
(1967 - 1969; with husband John; son Daryl; daughter Elizabeth)

    d.    14 Surry Lane
Hanson, MA 02341
(1969 - 1970; with husband John; son Daryl; daughters Elizabeth and Alicia)

    e.    442 River Street
           Norwell, MA 02061
           (1970 - 2000; with husband John; son Daryl until 1989; daughter Elizabeth
           until 1997; daughter Alicia until 1992)

    f.     5368 SW Landing Creek Drive
           Palm City, FL 34990
           (2000 - present; with husband John)

## II.    AS TO ALLEGATIONS OF INGESTION

As to the DES ingested by or administered to the DES mother during her pregnancy with an exposed person:

5.    State the name and last known address of each pharmacy or other person or facility from which the DES was obtained. If obtained from a pharmacy, state the name of each pharmacist who sold or provided the DES.

**RESPONSE:**    Plaintiff's mother recalls filling her DES prescription at a pharmacy in

Cohasset, MA. Discovery is continuing.

6.    If the name of the specific pharmacy or other person or place who sold the DES is unknown, set forth the name and the last known address of each pharmacy or pharmacist with whom the person who purchased the DES dealt during the time period of the gestation of the exposed person.

**RESPONSE:**    See Plaintiff's Response to Request No. 5.

7.    Identify the source of the DES including, without limitation, the manufacturer or supplier. State the facts which form the basis of this knowledge and identify all documents upon which these facts are based.

**RESPONSE:**    Product identification is still under investigation and has not been finally

concluded. Plaintiff reserves the right to supplement this response as discovery progresses.

8.    State the trade and/or generic name of the DES administered to or ingested by the DES mother.

**RESPONSE:**    Diethylstilbestrol.

9.    Describe in detail the physical appearance of the DES administered to or ingested by the DES mother, including its form, shape, color, size, dosage, and markings.

**RESPONSE:**    Pill form.  See prenatal records of Martha Mahoney attached hereto as

Appendix No. 1.  Plaintiff reserves the right to supplement this response as discovery progresses.

10.    Describe in detail the container and packaging in which the DES was contained, including the kind, shape, color, and size.

**RESPONSE:**    At this time, Plaintiff is unable to describe in detail the container and

packaging in which the DES was contained.  Plaintiff reserves the right to supplement this response

as discovery progresses.

11.    Describe any labeling affixed to the container or packaging holding the DES and the matter printed, written or typed thereon, including instructions for use, if any, and the locations and dates when any notations and writings were made thereon.

**RESPONSE:**    At this time, Plaintiff is unable to describe any labeling affixed to the

container or packaging holding the DES and the matter printed, written or typed thereon, and the

locations and dates when any notations and writings were made thereon.  Plaintiff reserves the right

to supplement this response as discovery progresses.

12.    State the name and last known address of each medical professional who treated, examined or otherwise rendered professional services to the DES mother during her pregnancy with the exposed person.  Specify each professional who prescribed, administered and/or provided the DES.

**RESPONSE:**    a.    Drs. George Pothier and Richard White.

b.    Last known address: 2000 Washington Street, Newton Lower Falls, MA 02162.

13.    State how the DES mother obtained the DES, including whether she did so on the authorization of a physician's prescription.  If so, identify the physician.

**RESPONSE:**    Plaintiff's mother obtained the DES on the authorization of Drs. Pothier and

White's prescription.

14.    If a prescription for DES was received, identify all words, numerals, symbols, notations, and other markings appearing on the prescription.

**RESPONSE:**      At this time, Plaintiff is unable to identify all words, numerals, symbols, notations, and other markings appearing on the prescription for DES.

15.    State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the prescription was made.

**RESPONSE:**      See prenatal records of Martha Mahoney attached hereto as Appendix No. 1.

16.    State the complaints and purpose for which the drug was allegedly prescribed.

**RESPONSE:**      DES was prescribed to Plaintiff's mother for the prevention of miscarriage.

17.    Describe the written or non-written instructions for use given by the prescribing practitioner on each prescription (written or otherwise) including the regimen to be followed. Identify the custodian(s) and location(s) of the instructions. If available, attach copies thereof.

**RESPONSE:**      Plaintiff's mother recalls taking DES every day.  See prenatal records of Martha Mahoney attached hereto as Appendix No. 1.

18.    Identify each prescribing practitioner who authorized any respective prescription to be refilled and the date of each authorization.

**RESPONSE:**      See Plaintiff's Response to Request Nos. 12 and 13.

19.    State the number of times, and, if known, the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) each prescription was filled and/or refilled.

**RESPONSE:**      See prenatal records of Martha Mahoney attached hereto as Appendix No. 1. Plaintiff's mother does not recall the number of times or exact dates that the prescription was refilled.

20.    State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the drug was ingested by or administered to the DES mother.

**RESPONSE:**      DES was ingested by Plaintiff's mother throughout the pregnancy.

21.    State the name and last known address of each person who purchased or obtained the drug for use by the DES mother.

**RESPONSE:**        DES was obtained and purchased by John and Martha Mahoney.

22.    State, both as to the prescription of DES, and the administration or ingestion of DES, the: (a) dosage strength of each unit; (b) daily regimen; (c) means of administration; and (d) number of days of ingestion.

**RESPONSE:**        See Plaintiff's Response to Request Nos. 17 and 20.

23.    State whether the regimen of DES taken by the DES mother was at any time changed from that initially recommended by the prescribing practitioner.  If so, state:

(a)    the name and last known address of the practitioner who prescribed the change;

(b)    each date on which the change was carried out;

(c)    the amount and frequency of dosage on each date; and

(d)    the number of days of the changed regimen.

**RESPONSE:**        See prenatal records of Martha Mahoney attached hereto as Appendix No. 1.

24.    Identify all prescription drugs which the DES mother consumed or was administered during her pregnancy with the exposed person.  For each drug, identify: (a) the prescribing practitioner; (b) his/her last known address; (c) the amount, frequency, duration, and dates of such prescription, consumption and /or administration.  Do not include in your answer that you identified in response to preceding Requests.

**RESPONSE:**        See prenatal records of Martha Mahoney attached hereto as Appendix No. 1.

25.    State the name and address of each hospital and the dates of each hospitalization for each DES mother during her pregnancy with and resulting birth of an exposed person.  Identify the physician attending that birth and the hospital or other place where the birth occurred.

**RESPONSE:**

a.    Newton-Wellesley Hospital, Newton, MA;

b.    Date of Hospitalization: May 1968; and

c.    George Pothier, M.D.

26.    (a) State the dates and outcome of each pregnancy of a DES mother (including the pregnancy described above) including those pregnancies not brought to term.  Include dates of birth and names of all offspring of those pregnancies, and state whether the DES mother consumed or was administered DES in connection with any of those pregnancies.  Also state the names and last known

addresses of all medical practitioners seen and facilities visited in connection with those pregnancies. (b) State whether the offspring of those pregnancies have or had any of the conditions which the exposed persons are alleged to have or have had. (c) State whether any of the offspring of the pregnancies has filed a lawsuit related to the mother's use during pregnancy of DES. If so, state the title of the lawsuit, the court in which it was brought, and the current status of the action.

**RESPONSE:**    To the best of Plaintiff's knowledge, Plaintiff's mother has had eight

pregnancies as follows:

    a.    Miscarriage October 1959.  Provider: Dr. Richard White.

    b.    Miscarriage January 1960.  Provider: Dr. Richard White.

    c.    Miscarriage June 1960.  Provider: Dr. Richard White.

    d.    Two additional miscarriages between 1960 and 1962. Provider: Dr. Richard White.

    e.    Daryl Mahoney born 5/14/63.  Provider: Dr. Richard White, Newton-Wellesley Hospital, Newton, MA.  DES prescribed during the pregnancy.

    f.    Elizabeth Anne Mahoney born 5/30/68.  Provider: Dr. George Pothier, Newton-Wellesley Hospital, Newton, MA.  DES prescribed during the pregnancy.

    g.    Alicia Mahoney, now Benting, born 12/28/69. Provider: Dr. George Pothier, Newton-Wellesley Hospital, Newton, MA.  DES prescribed during the pregnancy.

27.    State the date when plaintiff learned that his or her mother took DES during the pregnancy that led to the plaintiff's birth and the circumstances under which plaintiff acquired this information.  Provide copies of all documents that confirm the use of DES.

**RESPONSE:**    Plaintiff learned from her mother in the early 1980's that she was exposed to

DES in utero.  Attached hereto as Appendix No. 2 are copies of Plaintiff's medical records.

III.    AS TO ALLEGATIONS OF INJURIES TO EXPOSED PERSONS

With respect to any allegations in the Complaint that an exposed person has sustained injury as a result of exposure to DES, as to each such person, identified by name:

28.    Describe each injury, whether physical or emotional, allegedly sustained and any treatment received therefor.

**RESPONSE:**

      a.     Very small, narrow uterine cavity;

      b.     Severe cervical stenosis;

      c.     Secondary infertility;

      d.     Right ectopic pregnancy on 8/21/96, requiring a laparotomy and salpingostomy, by Christo J. Shakr, M.D. at South Shore Hospital, South Weymouth, MA;

      e.     Anxiety and terror regarding future adverse pregnancy outcomes; and

      f.     Anger and resentment that reproductive potential is damaged.

Plaintiff reserves the right to supplement this response as discovery progresses.

29.     As to each injury, specify the date when that person became aware of the injury.

**RESPONSE:**     Plaintiff first learned of 28(a) and (b) in early 2006. She was aware of her pregnancy loss at the time.

30.     Specify the date when that person first sought medical treatment for each injury and the names and addresses of the physicians, other licensed professionals, or medical facilities consulted.

**RESPONSE:**     Plaintiff sought treatment for her pregnancy loss at the time.

31.     Specify the date and nature of each consultation with each medical professional listed above, and state the name and professional title and address of each person and facility who was consulted in relation to the alleged injury.

**RESPONSE:**     Treating physicians were:

      a.     Brian M. Berger, M.D., Boston IVF, The South Shore Center, 2300 Crown Colony Drive, Quincy, MA 02169; and

      b.     Christo J. Shakr, M.D., 300 Congress Street, Suite 102, Quincy, MA 02169.

Additionally, the following have provided OB-GYN consultation and/or examinations:

      a.     Sarah J. Emans, M.D., Children's Hospital Boston, 300 Longwood Avenue, Boston, MA 02115;

      b.     Marian C. Craighill, M.D., Children's Hospital Boston, 300 Longwood Avenue, Boston, MA 02115;

      c.     Ann Jeanette Davis, M.D., Children's Hospital Boston, 300 Longwood Avenue, Boston, MA 02115; and

      d.     Donne E. Holden, M.D., 70 Pleasant Street, South Weymouth, MA 02190.

32.    Specify the names, business addresses, and professional titles of all persons or facilities that provided pharmaceuticals to that person, describing the pharmaceuticals provided for treatment of the injury.

**RESPONSE:**     See Plaintiff's Response to Request No. 31. Plaintiff is not aware of any pharmaceuticals beyond those listed in her medical records produced.

33.    Specify the dates when that person was confined to any hospital, treating facility, bed or house as a result of the said injury.

**RESPONSE:**     See Plaintiff's Response to Request No. 28. In addition, see Plaintiff's medical records attached hereto as Appendix No. 2.

34.    State which of the injuries, if any, you claim are permanent.

**RESPONSE:**     Plaintiff's reproductive tract and anatomic anomalies are permanent.

35.    Describe fully what further treatment, if any, will be required as a result of said injury.

**RESPONSE:**     See Plaintiff's Response to Request No. 34. In addition, see Plaintiff's medical records produced in response to these requests.

36.    State what activities, if any, each exposed person claims have been curtailed or ceased by virtue of exposure to DES, including physical, educational, and occupational activities.

**RESPONSE:**     Plaintiff's ability to conceive and/or carry a pregnancy to term has been greatly compromised due to her exposure to DES.

37.    Identify each exposed person who claims to have suffered or claims will suffer a loss of earnings as a result of the injuries alleged. As to each, state the total amount of the alleged loss. For all actions commenced on or after June 28, 1986, state any amounts for which you have been reimbursed, and by whom, for loss of earnings as a result of the injuries alleged.

**RESPONSE:**        Plaintiff is not making a claim for loss of earnings at this time.  Plaintiff

reserves the right to supplement this response as discovery progresses.

38.    Identify each exposed person who claims incapacitation from employment as a result of DES exposure alleged in this action.  As to each, state the nature of such employment as of the dates of incapacitation; the job performed; the name and address of each employer; the salaries or wages earned; the dates of incapacitation; and the amount of compensation claimed not earned by reason of said incapacitation.  For all actions commenced on or after June 28, 1986, state any amounts for which you have been reimbursed and by whom.

**RESPONSE:**        Plaintiff is not making a claim for incapacitation from employment at this

time.  Plaintiff reserves the right to supplement this response as discovery progresses.

39.    State separately the total amounts, if any, claimed by plaintiff as special damages for: services provided by any provider of diagnosis, treatment, care therapy, rehabilitation or otherwise including, without limitation, physicians, psychiatrists, psychologists, teachers, rehabilitation therapists, physical therapists, occupational therapists, speech therapists, counselors, social workers, and nurses; hospital services; and medical supplies.  For all actions commenced on or after June 28, 1986, state whether payment has been made, the amounts and dates of each payment, amounts outstanding, who made the payments, reimbursements received for any payment made, and the source of the reimbursement.

**RESPONSE:**        A listing of Plaintiff's special damages will be provided upon receipt and

compilation.

40.    State whether it is claimed that the exposed person's ability to have children has been impaired.  If so claimed, also state: any medical test performed to determine that person's fertility and that of his or her spouse; a description of the procedure; the name and address of the place where the test was administered; the name and address of the person who conducted the test; and the results of the test.

**RESPONSE:**        See Plaintiff's Response to Request No. 34.  In addition, see Plaintiff's

medical records produced in response to these requests.

41.    Does the exposed person have any children?  If so, identify each such child; state whether the child is adopted or a natural child; and specify the date of that child's birth or adoption.

**RESPONSE:**        No.

42.    State the total number and dates of pregnancies which the exposed person has experienced or, if the exposed person is male, the pregnancies which he has fathered, whether or not

such pregnancies led to the birth of a living child; describe any complications with each such pregnancy; for each pregnancy, state whether the pregnancy was achieved with the assistance of fertility drugs or treatments; state whether or not the pregnancy went to full term, and, if not, when the pregnancy ended; describe the health of the offspring of each such pregnancy at birth; and identify all medical practitioners consulted in connection with each such pregnancy, stating their names and addresses.

**RESPONSE:**        Plaintiff has had one pregnancy as listed in Plaintiff's Response to Request

No. 28.

IV.    <u>AS TO ALLEGATIONS OF LIABILITY</u>

43.    State whether the plaintiff alleges that any defendants: (i) were negligent, (ii) breached warranties, (iii) made fraudulent representations, (iv) engaged in misbranding or mislabeling, (v) failed to test or warn, and/or (vi) are strictly liable.

**RESPONSE:**        Yes, all of the aforementioned.

44.    Identify each plaintiff making such claim(s).

**RESPONSE:**        Elizabeth Anne Mahoney.

45.    Identify each such defendant by name.

**RESPONSE:**        a.    Bristol-Myers Squibb Company, a successor of E.R. Squibb & Sons, Inc.;

b.    Dart Industries, Inc., a successor of Rexall Drug Company, Inc.;

c.    Eli Lilly and Company;

d.    Lannett Company, Inc.;

e.    Pharmacia and Upjohn Company (aka The Upjohn Company);

f.    Premo Pharmaceutical Laboratories, Inc.; and

g.    Wyeth-Ayerst Laboratories.

46.    As to each defendant, separately specify the acts which constitute the basis for the plaintiff's claim that the defendant is liable to that plaintiff, identifying each such defendant by name, and each such allegation.

**RESPONSE:**        As to each defendant, the acts which constitute the basis for Plaintiff's claim

include: a) failure to test for safety or efficacy in humans or animals; b) overpromotion; c) failure

to warn; d) strict liability; e) misrepresentation; and f) breach of warranty.

V.    AS TO THE CLAIMS OF EXPOSED PERSONS NOT BORN IN NEW YORK STATE

47.    If the exposed person was not born in the State of New York, state whether the DES was ever purchased or acquired in the State of New York, and if so, give the dates and places of those purchases or acquisitions; whether the DES mother resided in the State of New York during any time during the exposed plaintiff's gestation, and if so, state the dates and addresses of residence and any other contacts that plaintiffs claim either they or the DES mother had with the State of New York during the exposed person's gestation or at any other time.

**RESPONSE:**    Plaintiff's mother did not purchase or acquire DES in the State of New York

nor did she reside in the State during Plaintiff's gestation.

VI.    OTHER ACTIONS

48.    State whether any plaintiff has ever instituted an action in New York or a jurisdiction other than New York claiming injury or potential injury as a result of DES, and if so, identify which plaintiffs have done so, and set forth the name and index number of each other action and the name of each court and jurisdiction in which the action was or is pending. If the plaintiff used a different name, please specify the name used.

**RESPONSE:**    Not applicable.

VII.    AS TO PLAINTIFF'S SPOUSE

49.    Identify the plaintiff's spouse.

**RESPONSE:**    Former marriage to Kenneth F. Gilmore.

50.    Identify the plaintiff to whom that spouse is or was married.

**RESPONSE:**    Elizabeth Anne Mahoney.

51.    State the date and location of the marriage to the plaintiff identified in response to the preceding Request.

**RESPONSE:**    a.    Date of Marriage: 6/19/99 - 9/04.

b.    Location of Marriage: Hanover, MA.

52.    State whether the spouse alleges that he or she cohabited continuously as husband and

wife with the plaintiff. If not, give the dates during which they did not cohabit as husband and wife following the onset of the injuries alleged by the plaintiff.

**RESPONSE:**    Plaintiff and spouse cohabited continuously as husband and wife from June

1999 - September 2004.

53.    State when each spouse became aware of the injuries allegedly suffered by the plaintiff to whom he or she is or was married.

**RESPONSE:**    See Plaintiff's Response to Request No. 29.

54.    Does the spouse have any children? If so, identify each such child, state whether the child is that person's adopted or natural child, and the date of that child's birth and (if appropriate) adoption. Identify the child's other parent and state whether the other parent is a plaintiff.

**RESPONSE:**    No.

VIII.    AS TO DES MOTHER WHO ALLEGES INJURY

55.    If the DES mother is also a plaintiff who alleges injury, answer Requests 28 through 39 with respect to the DES mother.

**RESPONSE:**    Plaintiff's mother is not a party-plaintiff to the present lawsuit.

IX.    AS TO CLAIMS MADE AS A REPRESENTATIVE OF DECEASED

56.    If any plaintiff brings this action on behalf of a decedent's estate, identify the decedent and the legal representative of the estate, and state the date of death and date on which the court from which letters of administration or testamentary were issued, and the names and addresses of all beneficiaries and/or distributes and their relationships to the decedent.

**RESPONSE:**    Not applicable.

X.    DOCUMENT REQUEST

57.    Provide the defendants with a copy of the following:

(a)    All bills, cancelled checks, receipts, and other papers relating to expenses incurred for the medical treatment, hospital care, physicians' or nurses' services, medical supplies, etc., of the plaintiffs in relation to the injuries alleged.

**RESPONSE:**    This information will be provided upon receipt and compilation.

(b)    All medical reports from health care providers identified in response to the foregoing

demands, including all reports from hospitals, clinics, or physicians.

**RESPONSE:**        Attached hereto as Appendix No. 2.

(c)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete records from all hospitals, clinics, and other health care facilities where plaintiff obtained treatment for the injuries alleged, including authorization to obtain all applicable x-ray and technician's reports.

**RESPONSE:**        Plaintiff will execute written authorizations addressed to those relevant health

care providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with

copies of all documents received pursuant to said authorizations.

(d)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain the complete office medical records relating to plaintiff of each health care provider with regard to the treatment plaintiff received for the injuries alleged.

**RESPONSE:**        Plaintiff will execute written authorizations addressed to those relevant health

care providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with

copies of all documents received pursuant to said authorizations.

(e)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete pharmacy or drug store records with respect to any drug prescribed to plaintiff as identified in response to the foregoing demands.

**RESPONSE:**        Plaintiff will execute written authorizations addressed to those relevant

pharmacies and/or drug stores upon receipt from Defendants if Defendants agree to provide

Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

(f)    Plaintiff's birth certificate, or duly executed and acknowledged written authorization, to obtain plaintiff's birth certificate.

**RESPONSE:**        To be provided.

(g)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain attendance and health records from any school or educational facility plaintiff attended.

**RESPONSE:**        Not applicable.

(h)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain salary and attendance records from plaintiff's employer, identified in response to demand No. 38.

**RESPONSE:**    Plaintiff is not presently making a claim for loss of wages.

(i)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain the file or records of all insurance companies, governmental agencies, or other entities representing any collateral source which was identified in response to demand Nos. 37, 38, and 39 in regard to reimbursements made arising from the injuries alleged.

**RESPONSE:**    Plaintiff will execute written authorizations addressed to those relevant

insurance companies, governmental agencies, or other entities upon receipt from Defendants if

Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to

said authorizations.

(j)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete records from all hospitals, clinics, or physicians from whom plaintiff's mother received treatment during her pregnancy with plaintiff, through and including their release(s) from the hospital following plaintiff's birth.

**RESPONSE:**    Plaintiff's mother will execute written authorizations addressed to those

relevant health care providers upon receipt from Defendants if Defendants agree to provide

Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

All authorizations must be executed by the plaintiff claiming to have sustained injuries, or by plaintiff's natural guardian, or by the decedent's representative or surviving spouse, or, in the case of records relating to the pregnancy leading to plaintiff's birth, by plaintiff's mother, and if the mother is deceased, by her representative or surviving spouse. If executed by any person other than plaintiff, (or in the case of records relating to the pregnancy leading to plaintiff's birth, her mother) that person's relationship to plaintiff or decedent shall be set forth on the authorization.

The information contained in these requests, as well as the word usage, sentence structure, and opinions, are not solely that of the declarant, rather they are the product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING AMENDED UNIFORM PRELIMINARY REQUESTS FOR INFORMATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: _10/4/07_

_____
ELIZABETH ANNE MAHONEY, Declarant

AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 833-8040

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October 2007, a true and correct copy of the foregoing Plaintiff Elizabeth Anne Mahoney's Responses to Defendants' Amended Uniform Preliminary Requests for Information was served via first class, postage prepaid, U.S. Mail, on counsel for Defendants:

James J. Dillon, Esq.
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

Sidney G. Leech, Esq.
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
20th Floor
Baltimore, MD 21202

Elizabeth Ewert, Esq.
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Suite 1100
Washington, D.C. 20005

Sarah S. Keast, Esq.
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Kathleen M. Bustraan, Esq.
LORD & WHIP, P.A.
Charles Center South
36 S. Charles Street
10th Floor
Baltimore, MD 21201

Ashley W. Hardin, Esq.
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005

Aaron M. Levine

**Exhibit 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ELIZABETH ANNE MAHONEY, et al.,    ]
                                    ]
        Plaintiffs,                 ]
                                    ]
    v.                              ]        Civil Action No. 1:06-cv-02043 (RMU)
                                    ]
ELI LILLY AND COMPANY, et al.,      ]
                                    ]
        Defendants.                 ]

**PLAINTIFF ALICIA BENTING'S RESPONSES**
**TO DEFENDANTS' AMENDED**
**UNIFORM PRELIMINARY REQUESTS FOR INFORMATION**

I.    <u>GENERAL AS TO EACH PLAINTIFF</u>

    1.    State the full name, address, social security number, and date and place of birth of each plaintiff.

**RESPONSE:**      a.    Alicia Benting;

           b.    Address: 183 Oak Street, Pembroke, MA 02359;

           c.    SSN: 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;

           d.    DOB: 12/28/69; and

           e.    Place of Birth: Newton-Wellesley Hospital, Newton, MA.

    2.    Identify each individual who the Complaint alleges was exposed to DES in utero (the "exposed person").

**RESPONSE:**      Alicia Benting.

    3.    State separately the full name, current residential address, and social security number of the natural mother ("DES mother") and natural father of each exposed person.  Identify any deceased parent, the date, place, and cause of death.

**RESPONSE:**

           a.    Mother: Martha Mahoney; Address: 5368 SW Landing Creek Drive, Palm City, FL 34990; SSN: 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; and

b.    Father: John Mahoney; Address: 5368 SW Landing Creek Drive, Palm City, FL 34990; SSN: 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.

4.    State separately for each DES mother and exposed person all previous addresses, the dates and with whom each person resided at those addresses.

**RESPONSE:**    <u>Prior addresses for Plaintiff Alicia Benting</u>:

a.    14 Surry Lane
Hanson, MA 02341
(Birth - 1970; with parents, brother, and sister)

b.    442 River Street
Norwell, MA 02061
(1970 - 1992; with parents, brother, and sister)

c.    822 E. Squantum Street
Quincy, MA 02171
(1992 - 1996; with husband)

d.    183 Oak Street
Pembroke, MA 02359
(1996 - present; with husband and son born 9/7/06)

<u>Prior addresses for Martha Mahoney</u>:

a.    56 Westland Road
Weston, MA 02493
(1959 - 1963; with ex-husband Bob Mills and son Daryl)

b.    41 Lawson Road
Scituate, MA 02066
(1964 - 1966; with parents and son Daryl)

c.    Jerusalem Road
Cohasset, MA 02025
(1967 - 1969; with husband John; son Daryl; daughter Elizabeth)

d.    14 Surry Lane
Hanson, MA 02341
(1969 - 1970; with husband John; son Daryl; daughters Elizabeth and Alicia)

e.    442 River Street
Norwell, MA 02061
(1970 - 2000; with husband John; son Daryl until 1989; daughter Elizabeth

until 1997; daughter Alicia until 1992)

    f.    5368 SW Landing Creek Drive
              Palm City, FL 34990
              (2000 - present; with husband John)

II.    <u>AS TO ALLEGATIONS OF INGESTION</u>

As to the DES ingested by or administered to the DES mother during her pregnancy with an exposed person:

5.    State the name and last known address of each pharmacy or other person or facility from which the DES was obtained. If obtained from a pharmacy, state the name of each pharmacist who sold or provided the DES.

**RESPONSE:**    Plaintiff's mother recalls filling her DES prescription at a pharmacy in

Hanover and/or Norwell, MA. Discovery is continuing.

6.    If the name of the specific pharmacy or other person or place who sold the DES is unknown, set forth the name and the last known address of each pharmacy or pharmacist with whom the person who purchased the DES dealt during the time period of the gestation of the exposed person.

**RESPONSE:**    See Plaintiff's Response to Request No. 5.

7.    Identify the source of the DES including, without limitation, the manufacturer or supplier. State the facts which form the basis of this knowledge and identify all documents upon which these facts are based.

**RESPONSE:**    Product identification is still under investigation and has not been finally

concluded. Plaintiff reserves the right to supplement this response as discovery progresses.

8.    State the trade and/or generic name of the DES administered to or ingested by the DES mother.

**RESPONSE:**    Diethylstilbestrol.

9.    Describe in detail the physical appearance of the DES administered to or ingested by the DES mother, including its form, shape, color, size, dosage, and markings.

**RESPONSE:**    Pill form. See prenatal records of Martha Mahoney attached hereto as

Appendix No. 1. Plaintiff reserves the right to supplement this response as discovery progresses.

10.    Describe in detail the container and packaging in which the DES was contained, including the kind, shape, color, and size.

**RESPONSE:**    At this time, Plaintiff is unable to describe in detail the container and packaging in which the DES was contained. Plaintiff reserves the right to supplement this response as discovery progresses.

11.    Describe any labeling affixed to the container or packaging holding the DES and the matter printed, written or typed thereon, including instructions for use, if any, and the locations and dates when any notations and writings were made thereon.

**RESPONSE:**    At this time, Plaintiff is unable to describe any labeling affixed to the container or packaging holding the DES and the matter printed, written or typed thereon, and the locations and dates when any notations and writings were made thereon. Plaintiff reserves the right to supplement this response as discovery progresses.

12.    State the name and last known address of each medical professional who treated, examined or otherwise rendered professional services to the DES mother during her pregnancy with the exposed person. Specify each professional who prescribed, administered and/or provided the DES.

**RESPONSE:**    a.    Drs. George Pothier and Richard White.

b.    Last known address: 2000 Washington Street, Newton Lower Falls, MA 02162.

13.    State how the DES mother obtained the DES, including whether she did so on the authorization of a physician's prescription. If so, identify the physician.

**RESPONSE:**    Plaintiff's mother obtained the DES on the authorization of Drs. Pothier and White's prescription.

14.    If a prescription for DES was received, identify all words, numerals, symbols, notations, and other markings appearing on the prescription.

**RESPONSE:**    At this time, Plaintiff is unable to identify all words, numerals, symbols, notations, and other markings appearing on the prescription for DES.

15.    State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the prescription was made.

**RESPONSE:**    See prenatal records of Martha Mahoney attached hereto as Appendix No. 1.

16.    State the complaints and purpose for which the drug was allegedly prescribed.

**RESPONSE:**    DES was prescribed to Plaintiff's mother for the prevention of miscarriage.

17.    Describe the written or non-written instructions for use given by the prescribing practitioner on each prescription (written or otherwise) including the regimen to be followed. Identify the custodian(s) and location(s) of the instructions.  If available, attach copies thereof.

**RESPONSE:**    Plaintiff's mother recalls taking DES every day.  See prenatal records of Martha Mahoney attached hereto as Appendix No. 1.

18.    Identify each prescribing practitioner who authorized any respective prescription to be refilled and the date of each authorization.

**RESPONSE:**    See Plaintiff's Response to Request Nos. 12 and 13.

19.    State the number of times, and, if known, the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) each prescription was filled and/or refilled.

**RESPONSE:**    See prenatal records of Martha Mahoney attached hereto as Appendix No. 1. Plaintiff's mother does not recall the number of times or exact dates that the prescription was refilled.

20.    State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the drug was ingested by or administered to the DES mother.

**RESPONSE:**    DES was ingested by Plaintiff's mother throughout the pregnancy.

21.    State the name and last known address of each person who purchased or obtained the drug for use by the DES mother.

**RESPONSE:**    DES was obtained and purchased by John and Martha Mahoney.

22.    State, both as to the prescription of DES, and the administration or ingestion of DES,

the: (a) dosage strength of each unit; (b) daily regimen; (c) means of administration; and (d) number of days of ingestion.

**RESPONSE:**     See Plaintiff's Response to Request Nos. 17 and 20.

    23.     State whether the regimen of DES taken by the DES mother was at any time changed from that initially recommended by the prescribing practitioner. If so, state:

(a)     the name and last known address of the practitioner who prescribed the change;

(b)     each date on which the change was carried out;

(c)     the amount and frequency of dosage on each date; and

(d)     the number of days of the changed regimen.

**RESPONSE:**     See prenatal records of Martha Mahoney attached hereto as Appendix No. 1.

    24.     Identify all prescription drugs which the DES mother consumed or was administered during her pregnancy with the exposed person. For each drug, identify: (a) the prescribing practitioner; (b) his/her last known address; (c) the amount, frequency, duration, and dates of such prescription, consumption and /or administration. Do not include in your answer that you identified in response to preceding Requests.

**RESPONSE:**     See prenatal records of Martha Mahoney attached hereto as Appendix No. 1.

    25.     State the name and address of each hospital and the dates of each hospitalization for each DES mother during her pregnancy with and resulting birth of an exposed person. Identify the physician attending that birth and the hospital or other place where the birth occurred.

**RESPONSE:**

a.     Newton-Wellesley Hospital, Newton, MA;

b.     Date of Hospitalization: December 1969; and

c.     George Pothier, M.D.

    26.     (a) State the dates and outcome of each pregnancy of a DES mother (including the pregnancy described above) including those pregnancies not brought to term. Include dates of birth and names of all offspring of those pregnancies, and state whether the DES mother consumed or was administered DES in connection with any of those pregnancies. Also state the names and last known addresses of all medical practitioners seen and facilities visited in connection with those pregnancies. (b) State whether the offspring of those pregnancies have or had any of the conditions which the exposed persons are alleged to have or have had. (c) State whether any of the offspring of the

pregnancies has filed a lawsuit related to the mother's use during pregnancy of DES. If so, state the title of the lawsuit, the court in which it was brought, and the current status of the action.

**RESPONSE:**          To the best of Plaintiff's knowledge, Plaintiff's mother has had eight

pregnancies as follows:

    a.    Miscarriage October 1959. Provider: Dr. Richard White.

    b.    Miscarriage January 1960. Provider: Dr. Richard White.

    c.    Miscarriage June 1960. Provider: Dr. Richard White.

    d.    Two additional miscarriages between 1960 and 1962. Provider: Dr. Richard White.

    e.    Daryl Mahoney born 5/14/63. Provider: Dr. Richard White, Newton-Wellesley Hospital, Newton, MA. DES prescribed during the pregnancy.

    f.    Elizabeth Anne Mahoney born 5/30/68. Provider: Dr. George Pothier, Newton-Wellesley Hospital, Newton, MA. DES prescribed during the pregnancy.

    g.    Alicia Mahoney, now Benting, born 12/28/69. Provider: Dr. George Pothier, Newton-Wellesley Hospital, Newton, MA. DES prescribed during the pregnancy.

    27.    State the date when plaintiff learned that his or her mother took DES during the pregnancy that led to the plaintiff's birth and the circumstances under which plaintiff acquired this information. Provide copies of all documents that confirm the use of DES.

**RESPONSE:**          Plaintiff learned from her mother in the early 1980's that she was exposed to

DES in utero. Attached hereto as Appendix No. 2 are copies of Plaintiff's medical records.

III.    AS TO ALLEGATIONS OF INJURIES TO EXPOSED PERSONS

    With respect to any allegations in the Complaint that an exposed person has sustained injury as a result of exposure to DES, as to each such person, identified by name:

    28.    Describe each injury, whether physical or emotional, allegedly sustained and any treatment received therefor.

**RESPONSE:**

    a.    T-shaped uterus;

    b.    Severe cervical stenosis;

    c.    Short, incompetent cervix, requiring cerclage placement on 5/3/06, by Thomas F. McElrath, M.D., Ph.D., Brigham and Women's Hospital, 75 Francis Street, Boston, MA 02115;

    d.    Anxiety and terror regarding future adverse pregnancy outcomes; and

    e.    Anger and resentment that reproductive potential is damaged.

Plaintiff reserves the right to supplement this response as discovery progresses.

29.    As to each injury, specify the date when that person became aware of the injury.

**RESPONSE:**    Plaintiff first learned of 28(a) and (b) in 2005. She was aware of her short, incompetent cervix at the time of cerclage placement.

30.    Specify the date when that person first sought medical treatment for each injury and the names and addresses of the physicians, other licensed professionals, or medical facilities consulted.

**RESPONSE:**    See Plaintiff's Response to Request Nos. 28 and 29.

31.    Specify the date and nature of each consultation with each medical professional listed above, and state the name and professional title and address of each person and facility who was consulted in relation to the alleged injury.

**RESPONSE:**    Treating physicians were:

    a.    Brian M. Berger, M.D., Boston IVF, The South Shore Center, 2300 Crown Colony Drive, Quincy, MA 02169;

    b.    Thomas F. McElrath, M.D., Ph.D., Brigham and Women's Hospital, Center for Fetal Medicine and Prenatal Genetics, 75 Francis Street, Boston, MA 02115;

    c.    Achilles Athanassiou, M.D., South Shore Hospital, Maternal Fetal Medicine Center, 55 Fogg Road, South Weymouth, MA 02190;

    d.    Amanda Metzger, M.D., 300 Congress Street, Suite 102, Quincy, MA 02169;

    e.    Janis H. Fox, M.D., Brigham and Women's Hospital, The Center for

Reproductive Medicine, 75 Francis Street, Boston, MA 02115; and

f.      Louise Wilkins-Haug, M.D., Ph.D., Brigham and Women's Hospital, Center for Fetal Medicine and Prenatal Genetics, 75 Francis Street, Boston, MA 02115.

Additionally, the following have provided OB-GYN consultation and/or examinations:

a.      Karen Girard, M.D., Brigham Obstetrics and Gynecology Group, 500 Brookline Avenue, Suite C, Boston, MA 02215;

b.      Marian C. Craighill, M.D., Children's Hospital Boston, 300 Longwood Avenue, Boston, MA 02115;

c.      Sarah J. Emans, M.D., Children's Hospital Boston, 300 Longwood Avenue, Boston, MA 02115; and

d.      Melody Eckardt, M.D., 300 Congress Street, Suite 102, Quincy, MA 02169.

32.     Specify the names, business addresses, and professional titles of all persons or facilities that provided pharmaceuticals to that person, describing the pharmaceuticals provided for treatment of the injury.

**RESPONSE:**      See Plaintiff's Response to Request No. 31.  Plaintiff is not aware of any pharmaceuticals beyond those listed in her medical records produced.

33.     Specify the dates when that person was confined to any hospital, treating facility, bed or house as a result of the said injury.

**RESPONSE:**      See Plaintiff's Response to Request No. 28.  In addition, see Plaintiff's medical records attached hereto as Appendix No. 2.

34.     State which of the injuries, if any, you claim are permanent.

**RESPONSE:**      Plaintiff's reproductive tract and anatomic anomalies are permanent.

35.     Describe fully what further treatment, if any, will be required as a result of said injury.

**RESPONSE:**      See Plaintiff's Response to Request No. 34.  In addition, see Plaintiff's medical records produced in response to these requests.

36.     State what activities, if any, each exposed person claims have been curtailed or ceased by virtue of exposure to DES, including physical, educational, and occupational activities.

**RESPONSE:**     Plaintiff's ability to conceive and/or carry a pregnancy to term has been greatly compromised due to her exposure to DES.

37.     Identify each exposed person who claims to have suffered or claims will suffer a loss of earnings as a result of the injuries alleged.  As to each, state the total amount of the alleged loss. For all actions commenced on or after June 28, 1986, state any amounts for which you have been reimbursed, and by whom, for loss of earnings as a result of the injuries alleged.

**RESPONSE:**     Plaintiff is not making a claim for loss of earnings at this time.  Plaintiff reserves the right to supplement this response as discovery progresses.

38.     Identify each exposed person who claims incapacitation from employment as a result of DES exposure alleged in this action.  As to each, state the nature of such employment as of the dates of incapacitation; the job performed; the name and address of each employer; the salaries or wages earned; the dates of incapacitation; and the amount of compensation claimed not earned by reason of said incapacitation.  For all actions commenced on or after June 28, 1986, state any amounts for which you have been reimbursed and by whom.

**RESPONSE:**     Plaintiff is not making a claim for incapacitation from employment at this time.  Plaintiff reserves the right to supplement this response as discovery progresses.

39.     State separately the total amounts, if any, claimed by plaintiff as special damages for: services provided by any provider of diagnosis, treatment, care therapy, rehabilitation or otherwise including, without limitation, physicians, psychiatrists, psychologists, teachers, rehabilitation therapists, physical therapists, occupational therapists, speech therapists, counselors, social workers, and nurses; hospital services; and medical supplies.  For all actions commenced on or after June 28, 1986, state whether payment has been made, the amounts and dates of each payment, amounts outstanding, who made the payments, reimbursements received for any payment made, and the source of the reimbursement.

**RESPONSE:**     A listing of Plaintiff's special damages will be provided upon receipt and compilation.

40.     State whether it is claimed that the exposed person's ability to have children has been impaired.  If so claimed, also state: any medical test performed to determine that person's fertility and that of his or her spouse; a description of the procedure; the name and address of the place where the test was administered; the name and address of the person who conducted the test; and the results of the test.

**RESPONSE:**          See Plaintiff's Response to Request No. 34.  In addition, see Plaintiff's

medical records produced in response to these requests.

    41.     Does the exposed person have any children?  If so, identify each such child; state whether the child is adopted or a natural child; and specify the date of that child's birth or adoption.

**RESPONSE:**          Plaintiff has one child as follows:

    a.     Natural Son: John Richard Benting; DOB 9/7/06.

    42.     State the total number and dates of pregnancies which the exposed person has experienced or, if the exposed person is male, the pregnancies which he has fathered, whether or not such pregnancies led to the birth of a living child; describe any complications with each such pregnancy; for each pregnancy, state whether the pregnancy was achieved with the assistance of fertility drugs or treatments; state whether or not the pregnancy went to full term, and, if not, when the pregnancy ended; describe the health of the offspring of each such pregnancy at birth; and identify all medical practitioners consulted in connection with each such pregnancy, stating their names and addresses.

**RESPONSE:**          Plaintiff has had one pregnancy as follows:

    a.     Live birth of John Richard Benting on 9/7/06; Delivery Hospital: South Shore Hospital, 55 Fogg Road, South Weymouth, MA 02190; Provider: Amanda Metzger, M.D.; Consultants: Thomas F. McElrath, M.D., Ph.D., Louise Wilkins-Haug, M.D., Ph.D., and Achilles Athanassiou, M.D.; Major Illnesses, Diseases, and/or Conditions: None.

## IV.    AS TO ALLEGATIONS OF LIABILITY

    43.     State whether the plaintiff alleges that any defendants: (i) were negligent, (ii) breached warranties, (iii) made fraudulent representations, (iv) engaged in misbranding or mislabeling, (v) failed to test or warn, and/or (vi) are strictly liable.

**RESPONSE:**          Yes, all of the aforementioned.

    44.     Identify each plaintiff making such claim(s).

**RESPONSE:**          Alicia Benting.

    45.     Identify each such defendant by name.

**RESPONSE:**          a.     Bristol-Myers Squibb Company, a successor of E.R. Squibb & Sons, Inc.;

    b.    Dart Industries, Inc., a successor of Rexall Drug Company, Inc.;

    c.    Eli Lilly and Company;

    d.    Pharmacia and Upjohn Company (aka The Upjohn Company);

    e.    Premo Pharmaceutical Laboratories, Inc.; and

    f.    Wyeth-Ayerst Laboratories.

46.    As to each defendant, separately specify the acts which constitute the basis for the plaintiff's claim that the defendant is liable to that plaintiff, identifying each such defendant by name, and each such allegation.

**RESPONSE:**    As to each defendant, the acts which constitute the basis for Plaintiff's claim

include: a) failure to test for safety or efficacy in humans or animals; b) overpromotion; c) failure

to warn; d) strict liability; e) misrepresentation; and f) breach of warranty.

## V.    AS TO THE CLAIMS OF EXPOSED PERSONS NOT BORN IN NEW YORK STATE

47.    If the exposed person was not born in the State of New York, state whether the DES was ever purchased or acquired in the State of New York, and if so, give the dates and places of those purchases or acquisitions; whether the DES mother resided in the State of New York during any time during the exposed plaintiff's gestation, and if so, state the dates and addresses of residence and any other contacts that plaintiffs claim either they or the DES mother had with the State of New York during the exposed person's gestation or at any other time.

**RESPONSE:**    Plaintiff's mother did not purchase or acquire DES in the State of New York

nor did she reside in the State during Plaintiff's gestation.

## VI.    OTHER ACTIONS

48.    State whether any plaintiff has ever instituted an action in New York or a jurisdiction other than New York claiming injury or potential injury as a result of DES, and if so, identify which plaintiffs have done so, and set forth the name and index number of each other action and the name of each court and jurisdiction in which the action was or is pending. If the plaintiff used a different name, please specify the name used.

**RESPONSE:**    Not applicable.

## VII.    AS TO PLAINTIFF'S SPOUSE

49.    Identify the plaintiff's spouse.

**RESPONSE:**        Richard Benting.

50.    Identify the plaintiff to whom that spouse is or was married.

**RESPONSE:**        Alicia Benting.

51.    State the date and location of the marriage to the plaintiff identified in response to the preceding Request.

**RESPONSE:**    a.    Date of Marriage: 9/28/96; and

b.    Location of Marriage: Quincy, MA.

52.    State whether the spouse alleges that he or she cohabited continuously as husband and wife with the plaintiff. If not, give the dates during which they did not cohabit as husband and wife following the onset of the injuries alleged by the plaintiff.

**RESPONSE:**        Plaintiff and spouse have cohabited continuously as husband and wife.

53.    State when each spouse became aware of the injuries allegedly suffered by the plaintiff to whom he or she is or was married.

**RESPONSE:**        See Plaintiff's Response to Request No. 29.

54.    Does the spouse have any children? If so, identify each such child, state whether the child is that person's adopted or natural child, and the date of that child's birth and (if appropriate) adoption. Identify the child's other parent and state whether the other parent is a plaintiff.

**RESPONSE:**        See Plaintiff's Response to Request No. 41.

VIII.    <u>AS TO DES MOTHER WHO ALLEGES INJURY</u>

55.    If the DES mother is also a plaintiff who alleges injury, answer Requests 28 through 39 with respect to the DES mother.

**RESPONSE:**        Plaintiff's mother is not a party-plaintiff to the present lawsuit.

IX.    <u>AS TO CLAIMS MADE AS A REPRESENTATIVE OF DECEASED</u>

56.    If any plaintiff brings this action on behalf of a decedent's estate, identify the decedent and the legal representative of the estate, and state the date of death and date on which the court from which letters of administration or testamentary were issued, and the names and addresses of all beneficiaries and/or distributes and their relationships to the decedent.

**RESPONSE:**          Not applicable.

X.     DOCUMENT REQUEST

57.     Provide the defendants with a copy of the following:

(a)     All bills, cancelled checks, receipts, and other papers relating to expenses incurred for the medical treatment, hospital care, physicians' or nurses' services, medical supplies, etc., of the plaintiffs in relation to the injuries alleged.

**RESPONSE:**          This information will be provided upon receipt and compilation.

(b)     All medical reports from health care providers identified in response to the foregoing demands, including all reports from hospitals, clinics, or physicians.

**RESPONSE:**          Attached hereto as Appendix No. 2.

(c)     Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete records from all hospitals, clinics, and other health care facilities where plaintiff obtained treatment for the injuries alleged, including authorization to obtain all applicable x-ray and technician's reports.

**RESPONSE:**          Plaintiff will execute written authorizations addressed to those relevant health care providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

(d)     Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain the complete office medical records relating to plaintiff of each health care provider with regard to the treatment plaintiff received for the injuries alleged.

**RESPONSE:**          Plaintiff will execute written authorizations addressed to those relevant health care providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

(e)     Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete pharmacy or drug store records with respect to any drug prescribed to plaintiff as identified in response to the foregoing demands.

**RESPONSE:**          Plaintiff will execute written authorizations addressed to those relevant pharmacies and/or drug stores upon receipt from Defendants if Defendants agree to provide

Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

(f)    Plaintiff's birth certificate, or duly executed and acknowledged written authorization, to obtain plaintiff's birth certificate.

**RESPONSE:**    Attached hereto as Appendix No. 3.

(g)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain attendance and health records from any school or educational facility plaintiff attended.

**RESPONSE:**    Not applicable.

(h)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain salary and attendance records from plaintiff's employer, identified in response to demand No. 38.

**RESPONSE:**    Plaintiff is not presently making a claim for loss of wages.

(i)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain the file or records of all insurance companies, governmental agencies, or other entities representing any collateral source which was identified in response to demand Nos. 37, 38, and 39 in regard to reimbursements made arising from the injuries alleged.

**RESPONSE:**    Plaintiff will execute written authorizations addressed to those relevant insurance companies, governmental agencies, or other entities upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

(j)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete records from all hospitals, clinics, or physicians from whom plaintiff's mother received treatment during her pregnancy with plaintiff, through and including their release(s) from the hospital following plaintiff's birth.

**RESPONSE:**    Plaintiff's mother will execute written authorizations addressed to those relevant health care providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

All authorizations must be executed by the plaintiff claiming to have sustained injuries, or by plaintiff's natural guardian, or by the decedent's representative or surviving spouse, or, in the case

of records relating to the pregnancy leading to plaintiff's birth, by plaintiff's mother, and if the mother is deceased, by her representative or surviving spouse. If executed by any person other than plaintiff, (or in the case of records relating to the pregnancy leading to plaintiff's birth, her mother) that person's relationship to plaintiff or decedent shall be set forth on the authorization.

The information contained in these requests, as well as the word usage, sentence structure, and opinions, are not solely that of the declarant, rather they are the product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING AMENDED UNIFORM PRELIMINARY REQUESTS FOR INFORMATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: ___10/3/07___           _____
                               ALICIA BENTING, Declarant


AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 833-8040

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October 2007, a true and correct copy of the foregoing Plaintiff Alicia Benting's Responses to Defendants' Amended Uniform Preliminary Requests for Information was served via first class, postage prepaid, U.S. Mail, on counsel for Defendants:

James J. Dillon, Esq.
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

Sidney G. Leech, Esq.
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
20th Floor
Baltimore, MD 21202

Elizabeth Ewert, Esq.
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Suite 1100
Washington, D.C. 20005

Sarah S. Keast, Esq.
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Ashley W. Hardin, Esq.
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005

_Aaron M. Levine_
Aaron M. Levine

**Exhibit 3**

## DES Cases Filed By Aaron M. Levine, Esq.
## Against Eli Lilly and Company
## In the District of Columbia
## March 2000 – March 2006

| NO. | CASE | COURT | FILING DATE | RESIDENCE | PLACE OF ALLEGED EXPOSURE |
|-----|------|-------|-------------|-----------|---------------------------|
| 1. | Acerra, Anne W. and William J. Acerra | DC, USDC 1:02CV00800 | 04/26/02 | MA | MA |
| 2. | Albers, Katherine M. and James G. Albers | DC, USDC 1:01CV02048 | 09/27/01 | FL | IL |
| 3. | Albin, Myra Dee | DC, Superior CA No. 03-0008837 | 11/12/03 | FL | NY |
| 4. | Allen, Daren Elizabeth | DC, USDC 1:02CV02027 | 10/16/02 | IL | IL |
| 5. | Anderson, Michelle and Stephen Anderson | DC, Superior CA No. 04-0000943 | 02/06/04 | MA | MA |
| 6. | Arnoldi, Tammi and Rick Arnoldi | DC, USDC 1:02CV01094 | 06/05/02 | CA | CA |
| 7. | Augusterfer, Kimberly A. | DC, USDC 1:01CV01996 | 09/20/01 | MD | MD |
| 8. | Awwad, Mikell Gatlin | DC, USDC 1:05CV00605 | 03/02/05 | TX | TX |
| 9. | Baerger, Dana Royce | DC, Superior CA No. 04-0009367 | 12/10/04 | IL | NY |
| 10. | Bailer, Jennifer E. | DC, Superior CA No. 02-0005873 | 07/17/02 | OH | OH |
| 11. | Bala, Elisabeth Paff and Edward Bala | DC, USDC 1:01CV02049 | 09/27/01 | PA | PA |
| 12. | Banoff, Karen M. | DC, Superior CA No. 05-0003628 | 05/12/05 | CT | NY |
| 13. | Barba, Kate; Burgess, Claire Christine | DC, USDC 1:00CV00656 | 03/24/00 | MA | MA |
| 14. | Barkman, Gwyn P. | DC, USDC 1:05CV00629 | 01/26/05 | WA | WA |
| 15. | Beck, Jenni L., Donald J. Beck, Kristy Wozniak, and John D. Wozniak | DC-Superior CA No. 04-0005497 | 07/16/04 | IN | IN |
| 16. | Benardete, Judith | DC, Superior CA No. 04-0000842 | 02/03/04 | NY | MA/NY |
| 17. | Bernier, Marie and J. Richard Bernier | DC, Superior CA No. 01-0009094 | 12/13/01 | MA | OH |
| 18. | Blitsch, Marianne | DC, Superior CA No. 03-0000416 | 01/17/03 | CA | NY |
| 19. | Bohlin, Nancy A., individually and as representative of Samantha A. Bohlin | DC, USDC 1:03CV00081 | 01/17/03 | MA | MA |
| 20. | Bond, Caroline Lois | DC, USDC 1:01CV00444 | 02/28/01 | ME | ME |

| NO. | CASE | COURT | FILING DATE | RESIDENCE | PLACE OF ALLEGED EXPOSURE |
|---|---|---|---|---|---|
| 21. | Bone, Lana M. and Richard Lee Bone | DC, Superior CA No. 01-0007953 | 10/25/01 | TX | TX |
| 22. | Bonello, Christi S. and Kurt Bonello | DC, USDC 1:02CV00870 | 05/06/02 | PA | PA |
| 23. | Bortell, Linda L. | DC, Superior CA No. 04-0003716 | 05/07/04 | CA | PA |
| 24. | Bouchard, Sherry Lynn | DC, Superior CA No. 04-0002616 | 04/02/04 | RI | RI |
| 25. | Boxill, Joanna K. | DC, Superior CA No. 00-0085686 | 11/27/00 | MA | MA |
| 26. | Boyland, Allison F. | DC, Superior CA No. 03-0004424 | 05/29/03 | MA | MA |
| 27. | Boyson, Barbara Rosann and Mark A. Boyson | DC, USDC 1:02CV00668 | 04/09/02 | WA | MN |
| 28. | Brooks, Colette | DC, Superior CA No. 03-0006284 | 07/23/03 | CA | CA |
| 29. | Brown, Kara Kristine | DC, USDC 1:00CV02699 | 11/08/00 | WV | WV |
| 30. | Burns, Lisa T. and James Burns | DC, USDC 1:02CV00695 | 04/11/02 | NY | NY |
| 31. | Clayton, Stephanie | DC, Superior CA No. 04-0005496 | 07/16/04 | British Virgin Islands | AL |
| 32. | Cloey-Pallozzi, Charlene | DC, Superior CA No. 01-0000550 | 01/19/01 | MD | MD |
| 33. | Connolly, Susan | DC, Superior CA No. 03-0008838 | 11/12/03 | MA | MA |
| 34. | Cook, Catherine E. | DC, Superior CA No. 05-0003406 | 05/03/05 | CA | CA |
| 35. | Cook-Melloy, Terrill | DC, USDC 1:01CV01073 | 05/16/01 | MN | MA |
| 36. | Coy, Debra Ann | DC, USDC 1:01CV01072 | 05/16/01 | FL | PA |
| 37. | Crisman, Kimberly Marie, individually and as representative of Madison Faith Crisman, and John Crisman | DC, Superior CA No. 03-0007981 | 09/29/03 | MD | MD |
| 38. | Currie, Elaine M. and Craig P. Currie | DC, USDC 1:02CV01032 | 05/28/02 | MA | MA |
| 39. | Cutone, Kimberly C. and Anthony Cutone | DC, Superior CA No. 04-0005307 | 07/13/04 | MA | MA |
| 40. | D'Amato, Robin | DC, USDC 1:02CV00869 | 05/06/02 | NY | NY |
| 41. | Danzer, Roberta J. and David M. | DC, Superior CA No. 03-0005469 | 07/03/03 | IL | IL |
| 42. | Dean, Ellen J. | DC, USDC 1:02CV00177 | 02/01/02 | MA | MA |

| NO. | CASE | COURT | FILING DATE | RESIDENCE | PLACE OF ALLEGED EXPOSURE |
|---|---|---|---|---|---|
| 43. | Delaney, Julie and William P. Delaney | DC, Superior CA No. 04-0000704 | 01/30/04 | MA | MA |
| 44. | Dibello, Diana M. | DC, USDC 1:00CV00753 | 04/10/00 | PA | MA |
| 45. | Dimanche, Carrie and Steve Dimanche | DC, Superior CA No. 03-0000421 | 01/17/03 | MA | CT |
| 46. | Dinkle, Nancy G. | DC, Superior CA No. 01-0008385 | 11/13/01 | TX | TX |
| 47. | Dobbelman, Stacey | DC, USDC 1:00CV02385 | 10/03/00 | MN | MN |
| 48. | Doherty, Judith A. | DC, USDC 1:00CV01943 | 08/11/00 | PA | MA |
| 49. | Dunseth, Nicole Lee | DC, Superior CA No. 03-0007982 | 09/29/03 | NV | IL |
| 50. | Eisenberg, Helaine I. | DC, Superior CA No. 02-005444 | 07/17/02 | NY | NY |
| 51. | Elam, Cheryl Lynn and Lester Ray Elam | DC-Superior CA No. 04-0009368 | 12/10/04 | KY | FL |
| 52. | Ellison, Julia | DC, USDC 1:01CV01214 | 06/04/01 | CO | IN |
| 53. | Episcopo, Cynthia Mae | DC, Superior CA No. 03-0010356 | 12/13/02 | DE | PA |
| 54. | Epstein, Mona R. and Steven Raucher | DC, Superior CA No. 02-0000236 | 01/11/02 | CA | NY |
| 55. | Eskandarani, Doreen | DC, USDC 1:00cv00873 | 04/20/00 | MN | WI |
| 56. | Farrell, Carolyn | DC, Superior CA No. 03-0009532 | 12/01/03 | MA | MA |
| 57. | Fastino, Lori Ann | DC, Superior CA No. 02-0008917 | 10/15/02 | RI | MA |
| 58. | Figueroa, Melaine M. and Roque R. Figueroa | DC, USDC 1:01CV02555 | 12/13/01 | MA | MA |
| 59. | Fisher, Amy Utley | DC, Superior 04-0002617 | 04/02/04 | NC | NC |
| 60. | Forthman, Jennifer Lee | DC, Superior CA No. 03-0002012 | 03/19/03 | SC | VA/DC |
| 61. | Foster, Meredith | DC, USDC 1:01CV00445 | 02/28/01 | OK | OK |
| 62. | Fraser, Lori Jean | DC, USDC 1:01CV00897 | 04/25/01 | MA | MA |
| 63. | Friend, Brenda R. | DC, Superior CA No. 04-0005493 | 07/16/04 | MD | OH |
| 64. | Frohnapple, Sandra L., individually and as representative of Hannah Frohnapple, deceased | DC, USDC 1:01CV01566 | 07/19/01 | OH | OH |
| 65. | Galvin, Paula J. | DC, Superior CA No. 03-0006682 | 08/07/03 | KS | KS |

| NO. | CASE | COURT | FILING DATE | RESIDENCE | PLACE OF ALLEGED EXPOSURE |
|---|---|---|---|---|---|
| 66. | Garcia, Cynthia S. and Robert Garcia | DC-Superior CA No. 04-0006834 | 09/10/04 | CA | CA |
| 67. | Gassmann, Cynthia Lee | DC, Superior CA No. 03-0001176 | 02/19/03 | NY | NY |
| 68. | Gedaro, Susanna | DC, Superior CA No. 05-0000650 | 01/28/05 | FL | ME |
| 69. | Giblin, Elizabeth | DC, USDC 1:01CV01568 | 07/19/01 | FL | FL |
| 70. | Gibson-Rodgers, Kathleen | DC, USDC 1:01CV00261 | 02/02/01 | CA | CA |
| 71. | Goldstein, Linda J. | DC, USDC 1:01CV00450 | 02/28/01 | MN | MN |
| 72. | Gosselin, Jennifer Anne | DC, USDC 1:01CV00466 | 03/01/01 | ME | MA |
| 73. | Gurbel, Anne Y. and Paul A. Gurbel | DC, Superior CA No. 01-0007952 | 10/25/01 | MD | NC |
| 74. | Hansch, Susan Lynne | DC, Superior CA No. 03-0001536 | 03/04/03 | CA | PA |
| 75. | Happel, Julie A. | DC, Superior CA No. 03-0006681 | 08/07/03 | MA | MA |
| 76. | Hartl, Kathleen and William Durkin, Jr. | DC, USDC 1:01CV01666 | 08/01/01 | VT | MA |
| 77. | Hefter, Ninette Louise and Gray Martin Hefter | DC, Superior CA No. 03-0002540 | 03/27/03 | PA | PA |
| 78. | Hernandez, Anita R. | DC, USDC 1:01CV01567 | 07/19/01 | TX | TX |
| 79. | Hilleary, Robin Sue and James Hilleary | DC, USDC 1:03CV00082 | 01/17/03 | CO | NJ |
| 80. | Huffman, Joan H. and Ronald P. Huffman | DC, USDC 1:01CV01997 | 09/20/01 | SC | SC |
| 81. | Huss, Shelley | DC, Superior CA No. 04-0000725 | 01/30/04 | VA | NY |
| 82. | Ingram, Elisabeth Arnold | DC, USDC 1:02CV02023 | 10/15/02 | OK | WA |
| 83. | Jameson, Jennifer Boucher and Booth Jameson | DC, Superior CA No. 04-0000585 | 01/28/04 | DC | MA |
| 84. | Jaworowski, Elizabeth A. | DC, USDC 1:01CV02521 | 12/06/01 | NY | PA |
| 85. | Kalles, Darcy Ann and Brian L. Kalles | DC, Superior CA No. 01-0007950 | 10/25/01 | FL | TX |
| 86. | Kaufman, Randy B. and Sandy Kaufman | DC, USDC 1:01CV01998 | 09/20/01 | NJ | NJ |
| 87. | Kihm, Lydia | DC, USDC 1:00CV02647 | 11/02/00 | MN | OH |
| 88. | Kogen, Lynn Mandell and Jay Steven Kogen | DC, USDC 1:01CV02291 | 11/02/01 | CA | TX |
| 89. | Kraker-Amend, Susan | DC, Superior CA No. 04-0000843 | 02/04/04 | NY | NY |

| NO. | CASE | COURT | FILING DATE | RESIDENCE | PLACE OF ALLEGED EXPOSURE |
|---|---|---|---|---|---|
| 90. | Kramer, Jayne D. | DC, Superior CA No. 03-0008401 | 10/16/03 | MA | MD |
| 91. | Krueger, Alicia | DC, USDC 1:00CV01573 | 06/29/00 | AZ | TN |
| 92. | Lacey, Maria | DC, Superior CA No. 03-0007450 | 09/04/03 | CA | CA |
| 93. | Lamb, Kelly J. | DC, USDC 1:02CV02020 | 10/15/02 | CO | WI |
| 94. | Lebens, Victoria A. | DC, USDC 1:02CV00830 | 05/02/02 | NJ | PA |
| 95. | Leister, Maureen Kirby | DC, Superior CA No. 03-0004000 | 05/16/03 | VA | N/A |
| 96. | Lenander, Patricia and John Lenander | DC, USDC 1:00CV02700 | 11/08/00 | IL | MN |
| 97. | Levinson, Debra Lynn | DC, USDC 1:02CV02021 | 10/15/02 | MI | MI |
| 98. | Liberty, Nikki L. | DC, USDC 1:01CV00770 | 04/10/01 | VA | NY |
| 99. | Mages, Marilyn | DC, USDC 1:01CV00584 | 03/20/01 | IL | MI |
| 100. | Maitre, Jennifer and Christian Francis Maitre | DC, Superior CA No. 03-0009531 | 12/01/03 | MA | MA |
| 101. | Manning, Brenda and Brian Steven Manning | DC, USDC 1:03CV01845 | 09/04/03 | MA | MA |
| 102. | Martin, Melissa Dawn | DC, USDC 1:02CV02022 | 10/15/02 | ME | MS |
| 103. | Maxwell, Bridey Bliss | DC-Superior CA No. 05-0003875 | 05/23/05 | MA | MA |
| 104. | McCarty, Rhonda | DC, Superior CA No. 05-0000328 | 01/14/05 | FL | OR |
| 105. | McWade-Furtado, Bonnie and Philip A. Furtado, Jr. | DC, Superior CA No. 04-0008711 | 11/12/04 | MA | MA |
| 106. | Miller, Lauren Gail | DC, Superior CA No. 03-0002013 | 03/19/03 | CA | CA |
| 107. | Moore, Amy and Joseph Moore | DC, USDC 1:02CV00693 | 04/11/02 | NY | MA |
| 108. | Mortenson, Catherine Helen | DC, Superior CA No. 03-0004425 | 05/29/03 | NY | NJ |
| 109. | Moyer, Elizabeth Ann individually and as mother, guardian and next friend of Thomas Allen Moyer, minor | DC, USDC 1:01CV00449 | 02/28/01 | ME | PA |
| 110. | Mucha, Michele A. | DC, USDC 1:01CV00738 | 04/05/01 | MI | MI |
| 111. | Mullikin, Terri E. and Jeff Mullikin | DC, USDC 1:01CV01875 | 08/31/01 | MD | PA |
| 112. | Nevins, Barbara | DC, Superior CA No. 01-0005398 | 07/19/01 | IN | KY |

| NO. | CASE | COURT | FILING DATE | RESIDENCE | PLACE OF ALLEGED EXPOSURE |
|---|---|---|---|---|---|
| 113. | Newman, Anne Ryan, individually and as representative of Reid T. Newman and William C. Newman | DC, Superior CA No. 03-0000418 | 01/17/03 | CA | MA |
| 114. | Nord, Carol Ann and Michael William Nord | DC, USDC 1:02CV00694 | 04/11/02 | WA | WA |
| 115. | O'Toole, Cheryl S. | DC, Superior CA No. 03-0006283 | 07/23/03 | MA | MA |
| 116. | Olesen, Patti Ann | DC-Superior CA No. 04-0006926 | 09/14/04 | IN | CA |
| 117. | Olsson, Amy | DC, Superior CA No. 00-0008606 | 11/27/00 | Sweden | MA |
| 118. | Owens, Theresa M. | DC, Superior CA No. 03-0006684 | 08/07/03 | MA | MA |
| 119. | Pasternack, Lisa Gail | DC, USDC 1:02CV00669 | 04/09/02 | PA | PA |
| 120. | Perdigao, Michelle | DC, USDC 1:01CV01061 | 05/15/01 | MA | MA |
| 121. | Perlberg, Deborah L. | DC, USDC 1:01CV00185 | 01/29/01 | WI | WI |
| 122. | Peterson, Nancy | DC, USDC 1:01CV01414 | 06/26/01 | MA | MA |
| 123. | Poss, Alexis | DC, USDC 1:01CV01414 | 09/15/00 | MA | PA |
| 124. | Powsner, Judith D. | DC, Superior CA No. 03-0008402 | 10/16/03 | MA | NY |
| 125. | Quine, Laura Day | DC, Superior CA No. 04-0002741 | 04/07/04 | ME | CT |
| 126. | Reed, Lisa S. | DC, Superior CA No. 03-0006683 | 08/07/03 | TX | TX |
| 127. | Reeves, Tammy L. | DC, Superior CA No. 03-0000417 | 01/17/03 | WA | IL |
| 128. | Reusch, Marcia A. | DC, USDC 1:00CV02214 | 09/15/00 | KY | KY |
| 129. | Reynolds, Katherine S. | DC, USDC 1:00CV02213 | 09/15/00 | TX | TX |
| 130. | Rich, Barbarine | DC, USDC 1:05CV00580 | 02/03/05 | Japan | NY |
| 131. | Roberge, Christine M. | DC, Superior CA No. 03-0003219 | 04/22/03 | MA | NY |
| 132. | Roing, Celia; Mullen, Diane; and Philbrick, Elaine | DC, Superior CA No. 02-0008916 | 10/15/02 | MA | MA |
| 133. | Rosenfeld,, Robin and Robert Rosenfeld | DC, USDC 1:02CV00801 | 04/26/02 | PA | PA |
| 134. | Rossin, Nancy E. | DC, Superior CA No. 03-000419 | 01/17/03 | MA | MA |
| 135. | Russell, Janice C. | DC, USDC 1:01CV00311 | 02/06/01 | MA | MA |

| NO. | CASE | COURT | FILING DATE | RESIDENCE | PLACE OF ALLEGED EXPOSURE |
|-----|------|-------|-------------|-----------|---------------------------|
| 136. | Sampson, Lisa | DC, Superior CA No. 04-0000707 | 01/30/04 | MA | MA |
| 137. | Santos, Robin Peterson | DC, Superior CA No. 03-0009047 | 11/12/03 | PA | NY |
| 138. | Sarenson, Kim M. | DC, Superior CA No. , 04-0008834 | 11/17/04 | RI | RI |
| 139. | Scaramuzzi, Doreen as mother and next friend of Harry J. Scaramuzzi, minor | DC, USDC 1:01CV01095 | 05/21/01 | RI | RI |
| 140. | Schardel, Lynn L. | DC, USDC 1:01CV00448 | 02/28/01 | ME | MA |
| 141. | Seele, Deborah; Garner, Jean individually and as next friend of James Garner, minor | DC, USDC 1:00CV00925 | 04/27/00 | MA | MA |
| 142. | Shedivy, Pamela | DC, Superior CA No. 04-0000422 | 01/20/04 | MN | WI |
| 143. | Shortridge, Leslie | DC-Superior CA No. 05-0004375 | 06/09/05 | NC | NJ |
| 144. | Silva, Michaellean | DC, USDC 1:01CV00583 | 03/20/01 | MA | MA |
| 145. | Silver, Lynne M. | DC, Superior CA No. 03-0000423 | 01/17/03 | MA | MA |
| 146. | Snyder, Kathleen Moriarty and Douglas Clay Snyder | DC, Superior CA No. 02-0003594 | 05/09/02 | WA | WA |
| 147. | Stebbins, Nancy J. and Daniel S. Stebbins | DC, Superior CA No. 04-0005308 | 07/13/04 | CA | NY |
| 148. | Stevens, Karen, individually and as representative of Maddy Olivia Stevens and Fenner Zimble Stevens | DC, USDC 1:03CV00265 | 02/19/03 | CT | MA |
| 149. | Stewart, Lucinda Ophelia | DC, Superior CA No. 03-0007449 | 09/04/03 | CA | CA |
| 150. | Stone, Debra A. | DC, Superior CA No. 04-0000586 | 01/28/04 | AZ | MA |
| 151. | Sullivant, Shari | DC-Superior CA No. 04-0004979 | 06/30/04 | CA | CA |
| 152. | Sumrall, Erin Margaret and Brice Lynn Sumrall | DC, USDC 1:02CV00670 | 04/09/02 | TX | LA |
| 153. | Swarce, Suzanne | DC, Superior CA No. 04-0001095 | 02/11/04 | MA | MA |
| 154. | Tait, Michelle and Steven Tait | DC, Superior CA No. 04-0005494 | 07/16/04 | TX | TX |

| NO. | CASE | COURT | FILING DATE | RESIDENCE | PLACE OF ALLEGED EXPOSURE |
|-----|------|-------|-------------|-----------|---------------------------|
| 155. | Taliercio, Renee | DC, USDC 1:05CV00339 | 01/26/05 | NJ | NJ |
| 156. | Taylor, Jennifer Dawn | DC, USDC 1:01CV00952 | 05/04/01 | TX | TX |
| 157. | Towers, Barbara | DC, Superior CA No. 04-0005495 | 07/16/04 | PA | PA |
| 158. | Tupper, JoAnn Ella, Ernest Tupper, and Beau D'Andrea Tupper | DC, Superior CA No. 04-0007759 | 10/8/04 | MA | MA |
| 159. | Wagner, Dana Renee | DC, Superior CA No. 03-0001535 | 03/04/03 | NV | NJ |
| 160. | Wall, Kathryn | DC, USDC 1:00CV00769 | 04/11/00 | CA | CA |
| 161. | Walsh, Shari Beth and James Anthony Walsh | DC, Superior CA No. 04-0006372 | 08/20/04 | VA | MD |
| 162. | Whitener, Anjanette Davis | DC, Superior CA No. 03-0002541 | 04/02/03 | TX | TX |
| 163. | Whitten, Jane Edwards | DC, Superior CA No. 03-0000422 | 01/17/03 | NC | NC |
| 164. | Wieprecht, Karen Ann | DC, USDC 1:01CV00889 | 04/24/01 | MO | MO |
| 165. | Wilson, Kimberly Anne | DC, Superior CA No. 04-0003851 | 05/13/04 | MD | MA |
| 166. | Woolfolk, Kelly Ann | DC, Superior CA No. 03-0001177 | 02/19/03 | WA | WA |
| 167. | York, Stacey | DC, USDC 1:01CV01062 | 05/15/01 | MN | CA |
| 168. | Young-Cecil, Janet | DC, Superior CA No. 04-0000423 | 01/20/04 | NC | NY |
| 169. | Zeewy, Cathy | DC, Superior CA No. 04-0006831 | 09/10/04 | GA | WV |
| 170. | Olesen, Patti Ann | DC, Superior CA No. 04-0006926 | 09/14/04 | IN | CA |
| 171. | Tupper, Joann Ella | DC, Superior CA No. 04-0007759 | 10/8/2004 | MA | MA |
| 172. | McWade-Furtado, Bonnie | DC, Superior CA No. 04-0008711 | 11/12/2004 | MA | MA |
| 173. | Sarenson, Kim | DC, Superior CA No. 04-0008834 | 11/17/2004 | RI | RI |
| 174. | Elam, Cheryl Lynn | DC, Superior CA No. 04-0009368 | 12/10/2004 | KY | FL |
| 175. | Baerger, Dana Royce | DC, Superior CA No. 04-0009367 | 12/10/2004 | IL | NY |
| 176. | Stewart, Robin Lisa | DC, Superior CA No. 04-0002231 | 12/30/2004 | MA | MA |
| 177. | Maxwell, Bridey Bliss | DC, Superior CA No. 05-0003875 | 5/23/2005 | NC | MA |
| 178. | Shortridge, Leslie | DC, Superior CA No. 05-0004374 | 6/9/2005 | NC | NJ |

| NO. | CASE | COURT | FILING DATE | RESIDENCE | PLACE OF ALLEGED EXPOSURE |
|---|---|---|---|---|---|
| 179. | Pizzi, Maureen / Mahoney, Kathleen | DC, Superior CA No. 05-0005924 | 7/28/2005 | MA | MA |
| 180. | Cohen, Doreen Sunden | DC, Superior CA No. 05-0006091 | 8/2/2005 | CA | CA |
| 181. | Kelley, Melissa | DC, Superior CA No. 05-0007212 | 9/8/2005 | MA | MA |
| 182. | Vermette, Valerie | DC, Superior CA No. 05-0007567 | 9/16/2005 | MA | MA |
| 183. | Hopper, Robin | DC, Superior CA No. 05-0008764 | 11/7/2005 | IL | CA |
| 184. | Tangredi, Laura | DC, Superior CA No. 05-0009699 | 12/21/2005 | CA | NY |
| 185. | Kasparian, Joy | DC, Superior CA No. 06-0000552 | 1/27/2006 | MA | MA |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELIZABETH ANN MAHONEY, and<br>ALICIA BENTING, and<br>RICHARD BENTING,<br><br>              Plaintiffs,<br><br>      v.<br><br>ELI LILLY AND COMPANY, *et al.*,<br><br>           Defendants. | Civil Action No. 06-CV-02043 (RMU) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant Eli Lilly and Company's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) and any Oppositions or Replies filed hereto, it is this _____ day of _____, 2008,

ORDERED that Defendant's Motion is hereby granted; and it is

FURTHER ORDERED that the case be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

_____
Hon. Ricardo M. Urbina
U.S. District Court Judge

B3475550.1