UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ELIZABETH MAHONEY *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 06-2043 (RMU) |
| | : | | |
| v. | : | Document No.: | 30 |
| | : | | |
| ELI LILLY & CO. *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

MEMORANDUM OPINION

Denying the Defendant's Motion to Transfer

I.  INTRODUCTION

Today the court denies a motion to transfer.  Eli Lilly & Co., one of three remaining defendants, moves to transfer this suit to the District of Massachusetts on the grounds that the District of Columbia is an inconvenient forum for the litigation of this products liability action for the manufacture, distribution and sale of Diethystilbestrol ("DES").[1]  The plaintiffs, Elizabeth Mahoney and Alicia Benting (sisters exposed *in utero* to DES) and Richard Benting (Alicia's husband), oppose transfer.  Noting the lateness of the request, the near conclusion of discovery, and the familiarity of this court with DES litigation, they submit that an improper motive of delay provides the impetus behind the defendant's request.  The defendant insists that it merely seeks to ensure that the law is applied by the forum most closely connected to the facts of the case. Had the defendant sought transfer sooner, the court might agree.  But at this stage of the case, the balance of equities does not favor a transfer because the prejudice to private interests in maintaining the case here is negligible, as is the prejudice to public interests in light of this

---

[1]  Co-defendant Lannett consents to a transfer; co-defendant Bristol-Myers Squibb takes no position.  Def.'s Mot. to Transfer ("Def.'s Mot.") at 3.

District's growing familiarity with DES litigation.  The court, therefore, denies the motion.

## II.  BACKGROUND

### A.  Factual History

The plaintiff sisters allege that their mother ingested DES during her pregnancies in the late 1960s, resulting in their *in utero* exposure to the drug, the side effects of which have caused them injuries including uterine and cervical malformations, infertility, ectopic pregnancy, medical expenses and physical and mental pain and suffering.  Compl. ¶¶ 4-5, 27-28.  Plaintiff Richard Benting alleges that his wife's above injuries have deprived him of her love, services and affection.  *Id.* ¶ 50.  The plaintiffs seek compensatory and punitive damages.  *Id.* at 11-12.

### B.  Procedural History

On October 27, 2006, the plaintiffs filed an 11-count complaint alleging negligence, strict liability, breach of warranty, misrepresentation, and loss of consortium in the Superior Court of the District of Columbia.  Eli Lilly filed a notice of removal on the basis of diversity to the United States District Court for the District of Columbia on November 30, 2006.  On August 27, 2007, the parties appeared for an initial status hearing, at which time the court referred the case to Magistrate Judge Kay for settlement discussions and pretrial discovery matters.  Min. Order (Aug. 27, 2007).  The court also entered a scheduling order setting the close of discovery for March 24, 2008.  *Id.*  The plaintiffs responded to Eli Lilly's preliminary discovery requests on October 4, 2007.  Pls.' Opp'n to Def.'s Mot. to Transfer ("Pls.' Opp'n") at 1; Def.'s Mot., Ex. 1.  Eli Lilly filed its motion to transfer five months later on March 14, 2008.

### III.  ANALYSIS

### A.  Legal Standard for Transfer Pursuant to 28 U.S.C. § 1404(a)

When federal jurisdiction is premised solely on diversity, 28 U.S.C. § 1391(a) controls venue, establishing that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to transfer a civil action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a).  Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

Accordingly, the defendant must make two showings to justify transfer.  First, the defendant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622.  Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. *Trout Unlimited*, 944 F. Supp. at 16.  As to the second showing, the

3

statute calls on the court to weigh a number of case-specific private and public-interest factors. *Stewart Org.*, 487 U.S. at 29. The private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989); 15 FED. PRAC. & PROC. § 3848). The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id*.

### B. The Court Denies the Defendant's Motion To Transfer

#### 1. The Private-Interest Considerations Do Not Favor Transfer[2]

The defendant insists that the plaintiffs' choice of forum is entitled to little deference because they have not adequately demonstrated a nexus between the District of Columbia and their cause of action. Def.'s Mot. at 6. None of the parties reside in D.C., and none of the events concerning the plaintiffs' alleged injuries occurred in D.C. *Id.* at 7. The plaintiffs dissent,

---

[2] The plaintiffs do not contest the uncontroversial conclusion that they could have originally brought this action in the District of Massachusetts. *See generally* Pls.' Opp'n to Def.'s Mot. to Transfer ("Pls.' Opp'n"). Because complete diversity exists, 28 U.S.C. § 1332; because Massachusetts's long-arm statute extends to torts allegedly committed in Massachusetts, MASS. GEN. LAWS ch. 223A, §3; and because a substantial part of the events occurred in Massachusetts, 28 U.S.C. § 1391 (a)(2), the court recognizes that this case could have been brought in the District of Massachusetts.

observing that the defendants sought regulatory approval for and began their industry-wide promotion of DES in D.C. Pls.' Opp'n at 5. They intend to seek discovery of the defendants' lobbyists and salespeople residing in D.C. *Id.* Moreover, the number of DES cases already decided in this District attenuates any potential benefits of a transfer. *Id.*

    The court agrees with the defendant that the plaintiffs' choice of forum deserves little deference – but the defendant's choice deserves no more. While the plaintiffs' exposure to DES occurred in Massachusetts, the defendant's lobbying and regulatory campaigns in furtherance of the marketing and distribution of the drug occurred in D.C. Pls.' Opp'n at 5. Although this may not establish a nexus to D.C. so critical to the core of the plaintiffs' claim as to warrant deference, *see Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (recognizing that plaintiff's choice is entitled to "substantially less deference when the forum preferred by the plaintiff is not his home forum"), neither is it legally insignificant, *see Dimanche v. Eli Lilly & Co.*, No. 03-0236, slip op. at 2 (D.D.C. Oct. 17, 2003) (recognizing significance of lobbying nexus in denial of motion to transfer). Moreover, the defendant's position is undercut by the fact that it chose and defended D.C. as the proper forum to litigate its own claims against insurers regarding coverage for DES claims. Pls.' Opp'n at 7; *Blank v. Eli Lilly & Co.*, No. 02-1976, slip op. at 4 (D.D.C. Dec. 13, 2002). The balance tips to the plaintiffs on this factor, then.

    Turning to the defendants' choice of forum, obviously Eli Lilly prefers a transfer. However, they have waited some considerable time before making their preference known. Eli Lilly explains that it only waited to confirm the facts through depositions, which the plaintiffs delayed. Def.'s Reply at 4. But Eli Lilly does not explain why this delay was warranted when the pertinent facts had never been placed in doubt. Moreover, Eli Lilly's co-defendants appear

indifferent to the issue. While Lannett has indicated its consent to transfer, it does not join Eli Lilly in the motion. And Bristol-Myers Squibb has not bothered to declare its position. The court, therefore, concludes that this factor only weakly, if at all, supports transfer.

The plaintiffs' claim arose in Massachusetts where the *in utero* exposure occurred and the Bentings make their marital bed. This factor favors the defendant. However, the defendant has not convincingly explained how continuing the prosecution of this case in D.C. inconveniences any of the parties. The defendant submits that the majority of potential fact and expert witnesses and sources of proof are located in Massachusetts but are not subject to the subpoena power of this court. Def.'s Mot. at 4-5. But the convenience of witnesses "is considered only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Brannen v. Nat'l R.R. Passenger Corp.*, 403 F. Supp. 2d 89, 94 (D.D.C. 2005) (citation omitted). Without evidence to the contrary, courts assume that witnesses will voluntarily appear. *FC Inv. Group LC v. Lichtenstein*, 441 F. Supp. 2d 3, 14 (D.D.C. 2006).

Nor is the location of these witnesses inconvenient to the defendant. The court ordered discovery to commence on August 27, 2007, and to close on March 24, 2008. Min. Order (Aug. 27, 2007). The defendant did not file its motion to transfer until March 14, 2008, ten days before the close of discovery. It gives no satisfactory explanation as to why this motion could not have been brought sooner; why the defendant could not have gleaned the factual predicate for this request either from the complaint filed over a year ago or the plaintiffs' discovery responses made in October last year; or why proceeding to trial here will "subject Lilly to the risk of not having all necessary fact and expert witnesses available." Def.'s Mot. at 6. In any event, Eli Lilly proposes to depose only four of the plaintiffs' experts and one of her physicians, Def.'s

Reply at 3, a fact bearing slantwise on transfer, *Dean v. Eli Lilly & Co.*, 515 F. Supp. 2d 18, 24 (D.D.C. 2007). Without demonstrating how pausing proceedings in this District and waiting for the case to be rebooted in Massachusetts would ease the parties' access to evidence, the movant fails to carry its burden.[3] *Cf. Trout Unlimited v. U.S. Dep't of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996) (citing difficulty of obtaining "voluminous record" located in other district as factor favoring transfer).

Because on balance the private equities of a transfer do not outweigh the private interests of preserving the status quo, the court concludes that a transfer on this basis is inappropriate.

### 2. The Public-Interest Considerations Do Not Favor Transfer

The defendant proposes that the District of Massachusetts has more familiarity in applying Massachusetts tort law than this District. Def.'s Mot. at 7. Under the District of Columbia's choice of law rules, the law governing the plaintiff's claims is the law of the state with the most significant relationship to the matters at issue. *Church of Scientology Int'l v. Eli Lilly & Co.*, 848 F. Supp. 1018, 1026 (D.D.C. 1994). The plaintiffs do not contest that Massachusetts most likely provides the substantive governing law. *See generally* Pls.' Opp'n. But, because this District is familiar with DES litigation, it is not clear that transfer of this action will promote judicial economy. *See Zurich Ins. Co. v. Raymark Indus., Inc.*, 672 F. Supp. 1102, 1104 (N.D. Ill. 1987). Thus, this factor favors the defendant, but not resoundingly.

The defendant also urges the court to recognize as "inequitable" the plaintiffs' attempt to

---

[3] The defendant raises a couple of complaints about the plaintiffs' responsiveness to its discovery requests, noting that they have yet to send it their causation expert's report or make him available for a deposition. Def.'s Reply at 4. A motion to compel (following the procedures set forth in this court's standing order) provides a much simpler, more direct resolution for this dispute than a motion to transfer.

"saddle the District of Columbia and its resources with the burden of disposing of a case that has no connection whatsoever with [D.C.]" Def.'s Mot. at 8. As mentioned previously, however, the case does have some connection to this District, and the defendant has itself selected this forum to litigate its own claims in the past. Moreover, Magistrate Judge Kay has successfully mediated numerous DES cases, placing into serious question the proposition that this District's time and resources are being wasted. Pls.' Opp'n at 8.

    In assessing the public interest, the court also must weigh the relative congestion of the calendars of the potential transferee and transferor courts. In support of transfer, the defendant cites to a case in which Judge Huvelle aptly noted that to accept governmental contacts in D.C. as a basis for venue "would amount to an open invitation to litigants to sue private parties in this jurisdiction whenever the case has some relationship to an agency action." *In re AT&T Access Charge Litig.*, 2005 WL 3274561, at *3 (D.D.C. Nov. 16, 2005). But denying a transfer in this case would not engender such dire results. In policing this District's venue, the court must simultaneously "examine challenges . . . carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia," *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993), and deny untimely motions to transfers whose principle effect if granted will only be further delay. If the defendant had interposed its motion earlier in the litigation process, more of the equities would tilt to transfer. As it stands today, Judge Kay has extensive experience mediating DES matters, and this court's calendar has room yet for new trials. *Ingram v. Eli Lilly & Co.*, 251 F. Supp. 2d 1, 6 (D.D.C. 2003) (citing Judge Kay's experience as factor against transfer). In light of this court's familiarity with DES litigation, in general and in particular to this case, it cannot say that to maintain the case here would exacerbate any relative

congestion.

Finally, the court must consider the local interest in deciding local controversies at home. The defendant correctly observes that Massachusetts has a strong interest in knowing that the tort claims of its citizens are treated "fairly and efficiently." Def.'s Mot. at 8. However, as the plaintiffs also correctly observe: "'there is nothing uniquely local about DES litigation.'" Pls.' Opp'n at 7 (quoting *Ingram*, 251 F. Supp. 2d 1 (D.D.C. 2003)). Its marketing and distribution occurred nationwide. *Ingram*, 251 F. Supp. 2d at 6. Moreover, Eli Lilly was the party who invoked this federal court's diversity jurisdiction in the first place to remove the case from D.C. Superior Court to the Federal District Court for D.C. The court, therefore, does not discern that the Federal District of Massachusetts has a palpable interest that is impinged by litigating this case in the Federal District of D.C.

As the balance of public interests does not clearly favor the movant, the court declines to transfer the case.

### IV.  CONCLUSION

For the foregoing reasons, the court denies the defendant's motion to transfer. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of April, 2008.

RICARDO M. URBINA
United States District Judge